## RICHTER v. DISTELHURST.

(Supreme Court, Appellate Division, First Department. December 7, 1906.)

1. DEEDS—CONDITIONS—CONSTRUCTION.

Where a deed stipulated that certain classes of buildings should not be erected on the premises under a penalty "of the forfeiture of the said lot," such penalty was equivalent to a provision for re-entry by the grantors.

2. SAME—VALIDITY—CONSIDERATION.

Where executors or trustees with authority to buy and sell property conveyed trust property on a condition that the grantee should not erect buildings of certain classes thereon under a penalty of forfeiture, and it appeared that the estate owned no adjoining property, but that the executors did own adjacent property, and their undoubted object in inserting the provision in the deed was to protect their individual property, the condition was without consideration to support it.

3. SAME—POWER TO RE-ENTER—HEIRS.

Where a deed by executors or trustees provided that certain classes of buildings should not be erected "under penalty of the forfeiture of the said lot to the parties of the first part or their assigns," it could not be construed to authorize re-entry by heirs of the trustees on breach of the condition.

4. SAME—CONSTRUCTION.

Provisions in a deed for forfeiture on breach of condition are viewed with disfavor, and should be strictly construed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Deeds, § 526.]

Action by Margaretha Richter against Hugo E. Distelhurst for specific enforcement of a contract of sale. Submitted on an agreed statement of facts under Code Civ. Proc. §§ 1279–1281. Judgment for plaintiff.

Argued before McLAUGHLIN, PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Charles Brandt, Jr., for plaintiff.
Eli S. Schreier, for defendant.

CLARKE, J. Submission of a controversy on an agreed statement of facts. Plaintiff agreed to sell, and defendant agreed to buy, a piece of property on Ninth street in the city of New York. The contract provided that the plaintiff should give a proper deed containing a general warranty and the usual full covenants conveying and assuring the fee simple free from all incumbrances except a specified mortgage. On the closing day defendant declined to take title, upon the ground that the title of the plaintiff was not a fee simple, free from all incumbrances, as the premises were covered by a condition subsequent. The facts in regard to this are as follows: One Henry Kneeland died in the year 1837, leaving a last will and testament in which he appointed Charles Kneeland and Henry K. Bogert his executors and trustees. In the will testator devised two-fifths of his estate to his executors upon trust, "to set apart, and the proceeds or amount of one of said fifth parts in good bonds and mortgages or in the purchase of productive real estate in fee in the City of New York" for the benefit of a son, and the other fifth part for the benefit of a daughter, for life; and, for the purpose of making a distribution of his estate in the manner directed, he

authorized and empowered his executors to sell at public or private sale and execute all proper conveyances. The executors, acting under the power contained in the will, invested funds of the estate in the premises referred to in the contract herein, purchasing the same from one Cornelius Bogert by deed dated February 16, 1844, and duly recorded. The said Bogert and Kneeland, as executors and trustees, conveyed the premises in question to one Rachel Levenworth by deed dated October 1, 1850, and recorded on October 31, 1854. Said deed, after the habendum clause and the general covenant as to title, contained the following:

"It is further covenanted and agreed between the parties hereto and the party of the second part hereby binds her heirs and assigns, not to erect or permit to be erected at any time hereafter upon said premises, any nuisance of any description, such as stables, slaughter houses, liquor stores, colony houses, bone or soap boiling establishments, etc., (sic) nor any building other than brick dwelling house of not less than two stories in height, under penalty of the forfeiture of the said lot to the parties of the first part or their assigns, upon any breach of this covenant."

Rachel Levenworth, grantee in said deed, died on March 14, 1852, leaving a last will and testament, which was duly probated, in which Nathan Levenworth and Frederick Sheldon were appointed executors. Said executors, under the authority of an order of the Supreme Court, conveyed the said lot to William Knight by deed dated September 23, 1854, and recorded on October 31, 1854. This deed is identical in form with the deed from Bogert and Kneeland, as executors and trustees, to Rachel Levenworth, and contains the same covenant or condition. The estate of Henry Kneeland did not own any other real property in the immediate neighborhood of the premises in question, but the executors of. Kneeland did own, as individuals, real property on either side of the said premises. The estate of Rachel Levenworth did not own any real property in the neighborhood.

Do the deeds hereinbefore set forth impose a covenant or a condition subsequent upon the premises? Whether or not a clause in a deed is to be interpreted as a covenant or as a condition subsequent does not depend entirely upon the technical language used. In the case of Post v. Weil, 115 N. Y. 361, 22 N. E. 145, 5 L. R. A. 422, 12 Am. St. Rep. 809, the language of the first deed under consideration was as follows:

"Upon the special condition that no part of the land or buildings thereon should ever be used or occupied as a tavern."

The second deed contained this clause:

"Provided always, and these presents are upon this express condition, that the aforesaid premises shall not, nor shall any part thereof, nor any building or buildings thereon erected or to be erected be at any time hereafter used or occupied as a tavern or public house of any kind."

Judge Gray, in construing these to be covenants, said:

"I would not pretend to reconcile all the decisions which have been made upon the subject, but I readily extract the principle that technical words may be overlooked where they do not inevitably evidence the intention of the parties. * * * If we can construe this clause as an obligation to abstain from doing the thing described which by acceptance of the deed became binding upon the grantee as an agreement, enforceable in behalf of any interest entitled to invoke its protection, I think we are in conscience bound to give that

construction, and thereby place ourselves in accord with that inclination of
the law, which regards with disfavor conditions involving forfeiture of es-
tates. In this connection it may be noted that there is no clause in the deed
giving the right to re-enter for conditions broken. While the presence of such
clause is not essential to the creation of the condition subsequent by which an
estate may be defeated at the exercise of an election by the grantor or his
heirs to re-enter, yet its absence, to that extent, frees still more the case from
the difficulty of giving a more benignant construction to the proviso clause.
The presence of a re-entry clause might make certain that which, in its ab-
sence, is left open to construction."

In Graves v. Deterling, 120 N. Y. 448, 24 N. E. 657, Judge Vann
said:

"There is no provision for a forfeiture or re-entry, nor anything from
which it can fairly be inferred that the continuance of the estate is to depend
upon the supposed condition; yet this is regarded as essential in order to
create a condition."

There are no words of re-entry in this deed. There are, however,
distinct words of forfeiture—"Under penalty of the forfeiture of the
said lot to the parties of the first part or their assigns upon any breach
of this covenant." This language, in my opinion, is as strong as a
re-entry provision. Were it not for the further considerations, it would
seem as if the clause, standing by itself, would have to be construed as
a condition subsequent and not a covenant. The trustees under the will
were expressly given power to use the funds of the estate to buy real
estate, and also to convey it. Under that power they bought this
property and subsequently conveyed it. As a rule, covenants and con-
ditions of this character, for the purpose of preventing certain described
uses of property, are for the benefit of adjacent property owned by the
grantor, or upon mutual covenant of adjoining property holders for
their own protection. In this case the estate owned no adjoining
property at all, nor did the subsequent estate, that of Levenworth,
whose executors conveyed in turn by a similar deed, own any adjoin-
ing property.

It appears that the executors of Kneeland did own adjacent property
on each side of this building, as individuals, and undoubtedly their
object in inserting the provision in their executors' or trustees' deed
was for the purpose of protecting their individual property. I do not
think that the condition prescribed under such circumstances had any
consideration to support it.

Further, the right of forfeiture or re-entry is lodged in the grantor
or his heirs (Upington v. Corrigan, 151 N. Y. 143, 45 N. E. 359, 37
L. R. A. 794), and neither executors nor trustees, as such, can have
heirs, and therefore no one has the power to re-enter or to forfeit.

The defendant contends that, while it is true that so far as the con-
dition reserved to the assigns of the parties of the first part a right
to re-enter for conditions broken, it was undoubtedly void; that never-
theless the heirs of Kneeland and Bogert could enforce the condition,
and would then hold the title in trust for the person beneficially in-
terested under the will; and that the same reasoning applies to the
deed by the executors of Levenworth. This is to disregard the plain
language of the condition, and, as provisions for forfeiture are viewed

with extreme disfavor by the law and should be strictly construed, this strained construction is not permissible.

I reach the conclusion, therefore, that this clause in the deed of Kneeland's executors was never enforceable. At best, using the language of Post v. Weil, supra, "it was an obligation to abstain doing the thing described which by acceptance of the deed became binding upon the grantee as an agreement enforceable in behalf of any interest entitled to invoke its protection"; but it was not so enforceable at the time, as the grantors had no property, as executors or trustees, to be benefited, nor presently or in the future, as there are no heirs, and never could have been any heirs, of said executors or trustees.

The clause may be considered as having been originally inserted in terrorem. It was evidently for the benefit of others than the grantors, from whom no consideration passed and with whom there was no mutuality. The facts are all of record, and, as these record facts establish that no enforceable condition now exists to the detriment of this estate, the plaintiff should have judgment herein for the specific performance of the contract under the stipulation, and for costs and disbursements.

McLAUGHLIN and LAUGHLIN, JJ., concur. PATTERSON, J., concurs in result.

INGRAHAM, J. I concur in the opinion of Mr. Justice CLARKE upon the ground that I think this clause in the deeds of 1850 and 1854 should be construed as a covenant and not a condition. The absence of any words of re-entry leaves the clause open to a construction that a covenant was intended and not a condition, and the fact that there could be no one who could enforce a condition, as the trustees could have no heirs at law, is an important element in construing the instrument. Viewed as a covenant, I think it clear that it is unenforceable, and I therefore think the plaintiff's title was good, and she is entitled to a judgment for the specific performance of the contract.