## ZWEIG v. SWEEDLER.

(Supreme Court, Appellate Division, First Department. October 21, 1910.)

1. DEEDS (§ 145*)—COVENANT OR CONDITION SUBSEQUENT.

Whether words in a deed are to be construed as creating a covenant or a condition subsequent does not necessarily depend on the technical language used.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 471; Dec. Dig. § 145.*]

2. DEEDS (§ 145*)—COVENANT OR CONDITION SUBSEQUENT.

Within a contract that the purchaser of land shall take title subject to any covenants and restrictions in former deeds, a provision in such a deed that if the grantee, his heirs or assigns, should erect on the land a slaughterhouse, the estate granted should terminate and be void, is a covenant; there being no re-entry clause, and the provision not having been to protect adjoining property of the grantor, as he owned none.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 471; Dec. Dig. § 145.*]

Submission of controversy on agreed statement of facts, pursuant to Code Civ. Proc. §§ 1279–1281, by Julius Zweig against Samuel Sweedler. Judgment for plaintiff.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, McLAUGHLIN, and DOWLING, JJ.

Max Herzfeld, for plaintiff.
Nathan Sweedler, for defendant.

McLAUGHLIN, J. The parties to this submission entered into a written contract, by the terms of which the plaintiff agreed to sell, and the defendant to buy, at a time and for a consideration stated, certain real estate in the city of New York. At the time fixed for the completion of the contract by the delivery of a deed, defendant refused to take title on the ground that the same was not marketable. The contract provided, among other things, that defendant was to take title "subject to covenants and restrictions contained in former deeds, if any." On the 2d of December, 1817, one William Wilson conveyed the premises in question to Walter Durbrow, and that deed contained a provision to the effect that if Durbrow, his heirs or assigns, should erect or build upon the real estate or any part thereof a "slaughterhouse or houses, or any building or buildings whatsoever, to be used or occupied as a slaughterhouse or slaughterhouses, or for the purpose of slaughtering or butchering cattle or sheep or animals," or should permit such slaughtering to be done in any buildings or upon such land, that then and in that event the estate granted should terminate and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

be void, anything in the conveyance to the contrary notwithstanding. Defendant refused to take the title by reason of such provision, contending that the same created, not a covenant, but a condition subsequent.

Whether or not words in a deed are to be construed as creating a covenant or a condition subsequent does not necessarily depend upon the technical language used. Thus, in Post v. Weil, 115 N. Y. 361, 22 N. E. 145, 5 L. R. A. 422, 12 Am. St. Rep. 809, where a deed contained this clause, "Provided always, and these presents are upon this express condition, that the aforesaid premises shall not, nor shall any part thereof, or any building or buildings thereon erected or to be erected, be at any time hereafter used or occupied as a tavern or public house of any kind," it was held that the words used did not create a condition subsequent, but simply a covenant running with the land for the benefit of the adjoining estate. Judge Gray, who delivered the opinion, said:

"If we can construe this clause as an obligation to abstain from doing the thing described, which, by acceptance of the deed, became binding upon the grantee as an agreement, enforceable in behalf of any interest entitled to invoke its protection, I think we are in conscience bound to give that construction, and thereby place ourselves in accord with that inclination of the law which regards with disfavor conditions involving forfeiture of estates. In this connection it may be noted that there is no clause in the deed giving the right to re-enter for conditions broken. While the presence of such a clause is not essential to the creation of a condition subsequent, by which an estate may be defeated at the exercise of an election by the grantor or his heirs to re-enter, yet its absence to that extent frees still more the case from the difficulty of giving a more benignant construction to the proviso clause. The presence of a re-entry clause might make certain that which in its absence is left open to construction."

In Graves v. Deterling, 120 N. Y. 447, 24 N. E. 655, Judge Vann, referring to a provision in a deed which it was claimed created a condition subsequent, said:

"There is no provision for a forfeiture or re-entry, nor anything from which it can fairly be inferred that the continuance of the estate is to depend upon the supposed condition, yet this is regarded as essential in order to create a condition."

See, also, Richter v. Distelhurst, 116 App. Div. 269, 101 N. Y. Supp. 634.

In the case now before us, according to the submission, Wilson did not own any land or property of any kind adjoining the premises conveyed, so that the restriction could not have been for the purpose of protecting his adjoining property. There is no clause in the deed which gave him the right of re-entry. He purchased the premises for $1,100, shortly before his conveyance to Durbrow, to whom he sold them for $2,000. I think that the clause in the deed from Wilson to Durbrow did not create a condition subsequent, but that the same should be construed as a covenant; and, if such construction be put upon it, then the defendant agreed, in the contract, to take title subject thereto.

I am of the opinion the title is good, and for that reason the plaintiff is entitled to judgment, with costs. All concur.