E. W. VAN DUYN, Appellant, v. H. S. CHASE & COMPANY, INC., and GIVEN CHASE.

**Conveyances:** BUILDING RESTRICTIONS: RIGHTS OF SUBSEQUENT GRANTEES. Where a conveyance contains building restrictions as to a part only of the land conveyed, a subsequent purchaser of that part unaffected by the restriction in the original deed is not bound thereby, even though his deed is made subject to such restrictions; as no contractual obligation is thereby created.

**Same:** CONSTRUCTION. Realty is recognized as an article of commerce and the law favors the utmost freedom in dealing with the same; hence, in construing restrictions and prohibitions as to the use of land doubts will be resolved in favor of its free use.

*Appeal from Polk District Court.*—HON. W. H. McHENRY, Judge.

WEDNESDAY, NOVEMBER, 16, 1910.

ACTION to enjoin the construction of a store building because of certain restrictions in a deed. On hearing the petition was dimissed. Plaintiff and intervener appeal.— *Affirmed.*

*C. J. Eller* and *L. M. Bechtell,* for appellants.

*J. K. Macomber, Schenk & Berryhill,* and *J. C. Shoemaker,* for appellees.

LADD, J.—The plaintiff acquired lot 1, Kauffman

Place, division 1, Wessex, now in Des Moines, from the Elmwood United Presbyterian Church by deed containing these restrictions: "First. The front of the residence or residences built upon the said property shall not be less than forty feet (40) west of the east line of the said lot. Second. No other building except a residence shall be built on the front half of said lot." It also stipulated that the grantor might enforce these, and that they should run with the land and be binding on all subsequent purchasers. Subsequently plaintiff conveyed the west forty feet of the north half of the lot to one Macomber, and the latter thereafter transferred this to Given Chase; each conveyance being subject to the above restrictions. Given Chase, with H. S. Chase & Co., was about to erect a brick building thereon for use as a grocery, when this action to enjoin them from so doing was begun. The church, in a petition of intervention, demanded like relief. The lot conveyed by the church to plaintiff is a corner lot, fronting one hundred feet on Thirty-Fifth Street and one hundred and forty-eight feet deep along University Avenue, and abutting the ends of two lots of like depth fronting on Thirty-Sixth Street. The block is six hundred and seven feet long, extending to Cottage Grove Avenue, with all lots fronting on Thirty-Fifth and Thirty-Sixth Streets.

That the lot conveyed by the church to plaintiff fronted on Thirty-Fifth Street is not questioned, and under the restrictive clauses two things were exacted: (1) The front of a residence built thereon should not be constructed within forty feet of the street line; and (2) no building other than a residence should be erected on the front half of said lot—that is, on the east seventy-four feet of it. Concerning the back half of the lot the deed contains no restrictions. But appellant contends that, as defendants took the west forty feet of the north half of said lot "subject to certain building restrictions in a deed executed

1. Conveyances: building restrictions: rights of subsequent grantees.

by the trustees" of the church, this imposed the restrictions on this tract, so that no dwelling house might be erected within forty feet of the street line of University Avenue, leaving a strip ten feet wide and forty feet long on which one might be placed, and no building other than a dwelling might be constructed on the front half of it. Should this theory be adopted, to what use might the premises be devoted? Such a construction is not warranted by the language employed. "Subject to," according to Webster's Dictionary, means under the control, power, or dominion of; subordinate to. Thus the conveyance of land, subject to an existing mortgage imposes no personal liability for its payment. *Hull v. Alexander,* 26 Iowa, 569. The grantee who takes the land or other property subject to an incumbrance merely takes it "charged with the lien of mortgage." *Bredell v. Fair Grounds Real Estate Co.,* 95 Mo. App. 676 (69 S. W. 635). So one who takes the assignment of a lease "subject to the agreements in the lease" assumes no contractual obligation; these words being held to be words of qualification, and not words of contract. *Consolidated Coal Company v. Peers,* 166 Ill. 361 (46 N. E. 1105, 38 L. R. A. 624); *Walveridge v. Steward,* 3 Moore & C. 561.

From taking the conveyance of the small tract of land at the rear of the lot subject to the restrictions in an earlier deed to the lot, no new obligation is implied. The most

2. SAME: construction.

that can be said is that it became impressed by and servient to the restrictions contained therein, and, if these did not relate thereto, there is no ground for implying like restrictions as imposed thereby on the tract conveyed to Chase. Moreover, it is not to be overlooked that the law favors the utmost freedom in dealing with real property. It is recognized as an article of commerce. As new wants develop, and business increases and expands, the uses to which devoted are constantly changing. To tie up realty with restrictions and

prohibitions, where the fee is conveyed, is opposed to the settled business policy of the country; and for this reason, in construing deeds containing restrictions and prohibitions as to the use, doubts are to be resolved in favor of the free use of the property. *Hutchinson v. Ulrich,* 145 Ill. 336 (34 N. E. 556, 21 L. R. A. 391); *James v. Irvine,* 141 Mich. 376 (104 N. W. 631); *Walker v. Renner,* 60 N. J. Eq. 493 (46 Atl. 626); *Conger v. Railway,* 120 N. Y. 29, (23 N. E. 983); 11 Cyc. 1077.

We are of opinion that the restrictions in the deed from the church to plaintiff imposed no restrictions on the rear half of the lot, and that the conveyance by him to Macomber and from the latter to Given Chase "subject to" such restrictions neither extended nor enlarged such restrictions, so as to extend them to the tract conveyed.

The court rightly dismissed the petition, and its decree is *affirmed.*