ROSA G. SEMPLE, Plaintiff, *v.* FREDERICK AMBROSE CLARK and MARTHA KRAKEUR and Others, Defendants.

Supreme Court, New York County, September 29, 1928.

**Deeds — restrictive covenants — action under Real Property Law, art. 15, to compel determination of claim that plaintiff's property is subject to restrictive covenant in favor of defendants — common grantor owned part of block in city of New York — first deed contained no restriction, deeds to other parcels restricted property to first-class dwelling houses and other deeds restricted property to private dwelling houses — original deed of plaintiff's property contained restriction to private dwelling houses — no general plan of restriction shown — defendants not entitled to benefit of said covenant.**

This action is brought under article 15 of the Real Property Law to compel the determination of a claim which the defendants make or might make that the plaintiff's property located in New York city is subject to a restrictive covenant prohibiting the erection thereon of anything but private dwelling houses, as stated in the deed from the common grantor to the plaintiff's predecessor in title. It appears that the common grantor owned parts of a block; that he disposed of the lots between March 20, 1885, and October 6, 1885; that two of the deeds contained no restriction; that the deed to plaintiff's predecessor and one other deed contained a restriction prohibiting the erection of anything but private dwelling houses and that the other deed contained a restriction prohibiting the erection of anything but first-class dwelling houses.

The burden was upon the defendants to show that there was some uniform plan of development which involved restrictions as to the character of buildings to be erected. The defendants failed to meet that burden, since it appears that the restrictions were not uniform; that two of the deeds contained no restrictions; that the common grantor did not own all of the block; that no reference was made in the deeds to any general plan of development which required restrictions on the character of buildings, and furthermore, the restricted covenants run to the common grantor, his heirs, executors and administrators, but not to his assigns. These considerations lead to the conclusion that the defendants have not established an intention on the part of the common grantor to benefit the property of the defendants by the restrictions imposed on property subsequently conveyed to plaintiff's predecessor in title.

ACTION pursuant to article 15 of the Real Property Law.

*David L. Podell* [*David L. Podell, George L. Allin* and *Charles E. Rhodes* of counsel], for the plaintiff.

*Bijur & Herts* [*Harry Bijur* of counsel], for the defendant Martha Krakeur.

FRANKENTHALER, J. This action is brought pursuant to article 15 of the Real Property Law to compel the determination of a claim which the defendants make, or might make, that plaintiff's property is subject to the obligations of a restrictive covenant

prohibiting the erection thereon of anything but private dwelling houses of a specified character. Only one of the defendants has appeared and attempted to assert the binding force of the covenant. She will be referred to hereinafter as the defendant. The essential facts are not in dispute. In 1885 one Alfred Corning Clark owned several tracts of land in the block bounded by West Eighty-fourth street, Columbus avenue, West Eighty-fifth street and Central Park West. On March 20, 1885, he conveyed No. 27 West Eighty-fourth street, the deed containing no restriction whatsoever. On May 26, 1885, he conveyed Nos. 3, 5, 7 and 9 West Eighty-fourth street, subject to a covenant that only first-class dwelling houses would be erected on the property. On July 27, 1885, he executed a deed of No. 29 West Eighty-fourth street without imposing any restriction. On October 6, 1885, Clark made a conveyance of all his holdings which fronted on the south side of West Eighty-fifth street. These consisted of a plot 200 feet in width and 102 feet in depth, distant 100 feet from Central Park West, and another 50 feet in width and 102 feet in depth, distant about 400 feet from Central Park West. In the deed appeared a covenant obligating the purchaser and his successors to build nothing but " *private* dwelling houses of brick or stone, * * * not less than three stories in height above the basement." (Italics mine.) Directly in the rear of the latter of these two parcels were premises Nos. 27 and 29 West Eighty-fourth street, the deeds to which omitted any restriction. Directly in the rear of the former parcel was the property at Nos. 3, 5, 7 and 9 West Eighty-fourth street, which was subject only to a restriction against the erection of anything but first-class, rather than " private," dwelling houses. On December 16, 1885, Clark conveyed away a parcel fronting about 200 feet on Central Park West and going back about 100 feet on West Eighty-fourth street and the same distance on West Eighty-fifth street. This disposed of all his property on the block. The deed contained a restriction against anything other than " private " dwelling houses phrased in the same language as was employed in the grant of October 6, 1885. A portion of the property along Central Park West is now owned by plaintiff, and part of the land covered by the deed of October 6, 1885, now belongs to the defendant. Both parties derive their titles through various mesne conveyances from Clark, the common grantor. It should be noted in this connection that between the two parcels fronting on West Eighty-fifth street were six lots not owned by Clark, and that, similarly, there was a large tract of land which belonged to others separating the property conveyed by Clark on May 26, 1885, from that which formed the subject-matter of the deeds of March

twentieth and July twenty-seventh of the same year. It is the defendant's claim that the restrictive covenant contained in the deed to plaintiff's predecessor in title constitutes a burden upon the plaintiff's premises in favor of those belonging to the defendant. She apparently recognizes that as a *prior* grantee seeking to enforce the covenant of a *subsequent* grantee she cannot succeed without showing that the covenant was exacted with the intent of benefiting her property. (*Booth* v. *Knipe*, 225 N. Y. 390. See note, Cornell Law Quarterly, June, 1928, pp. 619 *et seq.*) This intent may appear from express statements in the covenant or deed (*Vogeler* v. *Alwyn Imp. Corp.*, 247 N. Y. 131), from an agreement by the covenantee with the prior grantee to exact similar covenants from subsequent grantees, or from a general plan or building scheme. (4 Pom. Eq. Juris. [4th ed. 1919] § 1697.) Defendant relies on the last of these, viz., the existence of a general plan for the uniform development of a large tract, for her contention that the restrictions affecting plaintiff's chain of title inure to defendant's benefit. In her answer and at the trial she has sought to avail herself of the similarity in the restrictive covenants to be found in the conveyances through which plaintiff and she derive their respective titles. Has defendant succeeded in establishing that the various restrictions referred to were the result of a uniform scheme of development originated by the common grantor? The burden of doing so rests upon the defendant. (Real Prop. Law, § 504; *Dime Savings Bank* v. *Butler*, 167 App. Div. 257, 259; affd., 215 N. Y. 708; *Merritt* v. *Smith*, 50 App. Div. 349.) Especially is this so since there is nothing on record to indicate that the restrictions affecting plaintiff's property were intended for the benefit of defendant, who holds under a different chain of title. The only evidence from which the existence of such a comprehensive plan or scheme can be inferred consists of (1) the identity of language used in the restrictive covenants appearing in the last two conveyances by the common grantor and (2) the fact that the deed of December 16, 1885, left the latter with no further holdings on the block. There are various circumstances, however, which point in the opposite direction. Neither in the deeds themselves nor elsewhere is there to be found any reference to or mention of a general plan of development. There is not even a reference to a map on file or otherwise accessible from which one could gather that such a plan existed. The restrictions in question here were inserted in only two of the five conveyances made by the common grantor. Two of the others contained no restrictive covenants, while the covenant in the third was substantially different from those affecting plaintiff's and defendant's properties. No reason

suggests itself for this lack of uniformity as to closely related parcels, especially since all of the conveyances were made within a very short period of time. Moreover, the existence of a considerable amount of intervening property, not owned by Clark, would tend to interfere with any plan for the uniform development of the block or a portion thereof, and to that extent would seem to indicate the absence of a general building scheme. Furthermore, in none of the deeds executed by the common grantor was there any covenant that he would impose similar restrictions upon premises thereafter sold by him or remaining in his possession. No evidence was adduced of any *oral* agreement by the original grantor to impose similar restrictions upon any future conveyance. And there is also the circumstance that the restrictive covenants in all Clark's deeds ran to the benefit of Clark, " his heirs, executors and administrators," no mention being made of " assigns." This suggests an intention to benefit the grantor personally rather than successive lot owners. (*Booth* v. *Knipe, supra,* 396; *Korn* v. *Campbell,* 192 N. Y. 490, 496, 497; *Equitable Life Assurance Society* v. *Brennan,* 148 id. 661, 672.) These various considerations, as well as others unnecessary here to enumerate, convince me that defendant has failed to establish an intention on the part of the common grantor to benefit the former's property by the restrictions imposed on that subsequently conveyed to plaintiff's predecessor in title. It is quite true that the insertion of a restrictive covenant in the conveyance of all the property which the common grantor had retained is *some* evidence of the existence of a uniform plan of development. (See *Booth* v. *Knipe, supra,* 396.) In that case, however, all the conveyances by the common grantor referred to a filed map and to a plan for the development of the entire block front, and the Court of Appeals found abundant proof of the existence of a building scheme. No such situation is here presented. Defendant's entire case rests upon the fact that the last two conveyances made by the common grantor, which disposed of all his property on the block, contained identical restrictive covenants. This, it seems to me, is insufficient basis for a finding in defendant's favor. " If there is no general scheme, the mere fact that there is a covenant, similar to the plaintiff's, in the deed of a lot subsequently sold by the common grantor, does not give the plaintiff a right of action to enforce that covenant." (Pom. Eq. Juris., *supra,* § 1697.) As defendant has failed to establish that the restrictions affecting plaintiff's property inure to her benefit it is unnecessary to consider the various other grounds which plaintiff has urged require judgment in the latter's favor, such as the alleged change in the character of the neighborhood,

the acquiescence and bad faith charged to the defendant, etc. Plaintiff's motion for judgment is accordingly granted and that of the defendant for a dismissal of the complaint denied, with exception. The motions to strike out, on which decision was reserved, are denied, with appropriate exceptions. Submit findings on notice.