MARION WALTON MCCARTER, Plaintiff, *v.* NEW ROCHELLE HOMESTEAD COMPANY, Defendant.

Supreme Court, Westchester County, March 19, 1931.

*Frank M. Holahan,* for the plaintiff.
*Dunlap, Otto, McGovern & Bodmer,* for the defendant.

MORSCHAUSER, J.   On September 8, 1923, the plaintiff by deed purchased from the defendant a parcel of real estate situated on Davenport Neck in the city of New Rochelle, N. Y.   Said deed contained the following: " 4. It is covenanted and agreed that the above described property, or any part thereof, shall prior to the 1st day of January, 1943, be used for residential purposes only, and shall not be used for any business or commercial purpose whatsoever.   This covenant shall be construed to be a real covenant running with the land and shall be inserted in all future conveyances of the property and shall inure to the benefit of the grantor, his heirs, executors and assigns, and shall be enforceable by an action at law or proceeding in equity at the election of the grantor."

This action is brought by plaintiff to have said alleged restrictive covenant declared unenforcible pursuant to the provisions of article 15 of the Real Property Law, as amended by chapter 639 of the Laws of 1929, in effect September 1, 1929.

The defendant did not own or possess any other real estate adjacent to the premises conveyed to the plaintiff or own or possess any other real property on Davenport Neck.   The conveyance of land to the plaintiff was not made in pursuance of any general uniform scheme or plan of improvement or development recited in said deed of conveyance, nor incorporated in any reference to any map or plan filed or otherwise, and there was no abatement in price.

It was not shown by defendant that the covenant was exacted with the intent of benefiting defendant's property.   (*Booth* v. *Knipe*, 225 N. Y. 390.)   This intent does not appear from express statements in the covenant or in the deed.   (*Vogeler* v. *Alwin Improvement Corp.*, 247 N. Y. 131; *Semple* v. *Clark*, 132 Misc. 903, 905.)

The defendant is a close family corporation (so called).   The members of the family own all of its stock and are its officers.   The same family own all the stock in another corporation and are its officers.   This corporation, known as the Helvetia Realty Company, owns a large tract of land situated on Davenport Neck, N. Y.   The owners of the stock in these corporations have for many years past owned and possessed as such stockholders and as individuals a substantial portion of real property on Davenport Neck, N. Y., and not less than one-half of the whole thereof.   The owners of real property on Davenport Neck were interested in keeping the land on Davenport Neck restricted for high class private residences. All the landowners adjacent to the plaintiff and other landowners on Davenport Neck were strangers to the deed to the plaintiff.

The defendant herein endeavors to enforce the restriction for the

benefit of adjacent property owners and other property owners on Davenport Neck. This is not permitted. In *Durnherr* v. *Rau* (135 N. Y. 219) the court wrote (at p. 222): " The application of the doctrine of *Lawrence* v. *Fox* (20 N. Y. 268) to this would extend it much further than hitherto, and this cannot be permitted in view of the repeated declaration of the court that it should be confined to its original limits."

Similar efforts were made in the case of *Richter* v. *Distelhurst* (116 App. Div. 269), in which case the court wrote (at p. 271): " The estate of Henry Kneeland did not own any other real property in the immediate neighborhood of the premises in question, but the executors of Kneeland did own, as individuals, real property on either side of the said premises. The estate of Rachel Levenworth did not own any real property in the neighborhood," and (at p. 273): " I do not think that the conditions prescribed under such circumstances had any consideration to support it," and in the concurring opinion Mr. Justice INGRAHAM wrote (at p. 274): " Viewed as a covenant, I think it clear that it is unenforceable."

The case of *Tuscarora Club* v. *Brown* (215 N. Y. 543) holds to the same effect. In 1883 lands and premises were owned by William H. Brown. In that year he conveyed the same to Sarah A. Brown, who in that year conveyed the same to Margaret A. Carroll, the latter deed containing the following reservation: " Reserving the right to William H. Brown, Jr., to fish in the said Mill Brook stream." Subsequently and by several mesne conveyances the property passed into the ownership of the plaintiff's grantor, the First National Bank of Rondout, and so to the plaintiff. All the deeds in the chain of title from the deed of Sarah A. Brown down to the conveyance to the plaintiff were duly recorded, and in all of them there was inserted a clause recognizing the right of the defendant to fish in the Mill brook, either by expressly reserving the right or by referring to the prior deeds which contained the clause quoted. The learned Judge CUDDEBACK wrote (at p. 546): " Whether the provision in the deed from Sarah A. Brown to Margaret A. Carroll, reserving the right to the defendant William H. Brown to fish in the Mill Brook stream be regarded as a reservation or as an exception makes no difference so far as this case is concerned. (*West Point Iron Co.* v. *Reymert*, 45 N. Y. 703; *Beardslee* v. *New Berlin L. & P. Co.*, 207 N. Y. 34.) For whichever way viewed the clause in the deed was entirely ineffectual to convey any estate or interest whatsoever in the lands described to a stranger to the conveyance. (*Bridger* v. *Pierson*, 45 N. Y. 601; *Craig* v. *Wells*, 11 N. Y. 315; *Beardslee* v. *New Berlin L. & P. Co.*, *supra*.)"

" Because the defendant was a stranger to the conveyance the

exception or reservation of his right to fish in the Mill brook stream did not justify his trespass upon the plaintiff's land," and (at p. 547): " The record showed ownership of the lands in Sarah A. Brown and a deed from her containing a clause reserving to the defendant, who was not a party to the deed, the right to fish in the Mill brook stream. The plaintiff knowing the law, as we must assume, understood that such a clause in the deed was inoperative in that it gave the defendant no right at all. That was the legal effect of what the records showed."

The defendant has no present interest in the preservation of the restrictive covenant in question and the restrictive covenant is unenforcible. (*Korn* v. *Campbell*, 192 N. Y. 490, 495; *Equitable Life Assurance Society of the U. S.* v. *Brennan*, 148 id. 661; *Saint Stephen's P. E. Church* v. *Church of Transfiguration*, 201 id. 1.)

The defendant cannot maintain an action on the covenant, for having no other real estate on Davenport Neck, it can suffer no damage.

The covenant is unenforcible by defendant and constitutes a cloud upon the title of the plaintiff to said property and affects the free use and disposition thereof by the plaintiff herein.

In the circumstances disclosed herein I find for the plaintiff and against the defendant for the relief asked for in the complaint herein, with costs.