Larpeg Realty Corporation, Plaintiff, v. Ella C. McGrath, Defendant.*— Submission of controversy on an agreed statement of facts. The plaintiff and

* See amended decision, *post*, p. 1041.

defendant entered into a contract pursuant to which the plaintiff agreed to sell and convey and the defendant agreed to purchase a certain plot of land subject only to any state of facts which an accurate survey would disclose and to certain zoning restrictions. The defendant rejected the title tendered by the plaintiff upon the ground that the property was subject to certain restrictions pursuant to the terms of a letter dated September 20, 1929, and written by Lawrence S. Greenbaum, an attorney, to Max Greene, reading as follows:

" Dear Sir:

" I beg to acknowledge receipt of yours of the 6th. I note with a great deal of pleasure that you have proceeded with the erection of your beautiful home on Griffin Avenue and if it looks like the picture shown to me it will certainly be a most attractive place in which to live. Of course, it is rather late to ask for a covenant restricting all of our property to homes with setbacks similar to yours or to cost as much as yours, but I can assure you that the remainder of our property will not be sold in plottages of less than 100 feet and that the price of such will insure the erection of a dwelling house compatible with the neighborhood. I do not know offhand how to place a limit on the cost of such a home, but I should say that $15,000 would be the minimum.

" Very truly yours
" LAWRENCE S. GREENBAUM."

The conceded facts show that in 1929 the C. J. L. Realty Corporation was the owner of a parcel of land situated in the town of Mamaroneck, Westchester county, having a street frontage of 1,337.10; a depth on the westerly end of 200 feet, and 150 feet on the easterly end. In June, 1929, it conveyed a plot 200 x 200 located at the westerly end of its holdings to Max Greene. This deed contained no restrictions. On September 23, 1929 — three days subsequent to the letter referred to — it conveyed a plot with a frontage of 200 feet and a depth of 150 feet to said Max Greene. This deed likewise contained no restrictions. An intermediate parcel with a street frontage of 937.10 was sold under a foreclosure sale in September, 1933, to one Gladys Geary. The referee's deed was in the usual form and contained no reference to any restrictions affecting the property. Thereafter Gladys Geary sold a parcel having a street frontage of 326 feet and a depth of 150 feet, contiguous to the easterly parcel previously sold to Greene, to one John S. Watson by deed dated May 24, 1934. This deed contained no restrictions. By deed dated January 28, 1925, John S. Watson sold the parcel so purchased by him to the plaintiff and attempted to make the premises subject to the restrictions referred to in the letter from Greenbaum to Greene by incorporating therein a copy of the same and selling the premises subject thereto. By a deed dated August 12, 1935, the plaintiff sold the same plot to Samuel B. Rodney, such deed containing no reference to the restrictions. Thereafter, Samuel B. Rodney by two separate deeds reconveyed the premises to the plaintiff. By deed dated August 13, 1935, said Rodney conveyed to the plaintiff a plot with a frontage of 176 feet and a depth of 150 feet which was the easterly portion of the lot owned by Rodney. Thereafter Rodney conveyed to the plaintiff by deed dated September 12, 1936, the westerly 150 feet frontage. It is conceded that these deeds contained no reference to the restrictions. By deed dated May 22, 1937, the plaintiff conveyed the westerly 150 feet to one Francis L. Jennings which deed contained no

reference to any restrictions. Thereafter, by contract dated January 15, 1941, it contracted to sell to defendant a plot 88 x 150 feet, being the most easterly portion of its property and the parcel lying contiguous to the parcel conveyed to Greene by deed dated September 23, 1929. It is conceded that at the time John S. Watson conveyed to the plaintiff, he owned no other property contiguous to or in the neighborhood of the parcel so conveyed. The question involved is whether or not the restrictions contained in the deed from Watson to the plaintiff renders the plaintiff's title unmarketable under its contract. We hold that the restriction is void under the statement of facts submitted and does not render the plaintiff's title unmarketable. The restriction does not fall within any one of the three classes of restrictions defined in *Korn* v. *Campbell* (192 N. Y. 490) and is, therefore, void and unenforcible. Judgment unanimously directed in favor of the plaintiff, without costs. Present — Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ.