Bernard S. Meyer, J.
This motion for summary judgment raises the interesting and, it appears, somewhat novel question whether a covenant running with the land can be created by will. The court concludes that, at least in the circumstances of this case, it has not been.
Elizabeth Schoppa died October 1,1967, and by her will devised her only real property, a three and one-half acre parcel of land in Farmingdale containing a one-family house at the northerly end thereof, to her sister Rose Seyfarth. The devise included the following language: “ I do hereby restrict the unimproved portion of my said real property to the construction of only two additional one-family dwellings with garages thereon and this restriction shall run with the said land and is to be included in all future conveyances of the said unimproved property ’ ’.
Rose Seyfarth died testate on December 8,1967. The executor under her will conveyed the Schoppa parcel to the defendant Benedict on November 26,1968. The executor’s conveyance was made “ [Sjubject to the restriction imposed upon the unimproved portion of the premises * * * set forth in the s * * will * * * of Elizabeth Schoppa, deceased”.
In contemporaneous transactions, Benedict on May 29, 1969 conveyed three separate portions of the Schoppa parcel by three deeds all three of which were recorded on June 5, 1969 at the same time. The first, which conveyed the portion improved with the one-family house to the plaintiffs Dubrowsky, makes no reference to the restriction. The second conveyed an unimproved portion of the parcel to the counterclaim defendants Strubel; and the third conveyed another unimproved portion of the parcel to the counterclaim defendants Posillico. Each of the latter deeds provides that the conveyance made by it is “ Subject to the restriction imposed under the * * * will * * * of Elizabeth Schoppa, deceased, which reads as follows (then quoting the full text of the restriction) ”.
The result of these conveyances was to leave Benedict with about 2.4 unimproved acres of the original Schoppa parcel. The *191 Benedict acreage adjoins and abuts along at least one course each of the portions of the Schoppa parcel conveyed by him.
Benedict now proposes, and has the approval of the Planning Board of the Village of Farmingdale for, the erection of four one-family dwellings on his retained acreage. The Dubrowskys have sued to enjoin and restrain him from erecting any one-family dwellings (i.e., from improving his property) since that, it is claimed, would violate the restrictions above described. Benedict has counterclaimed, joining his other grantees as counterclaim defendants, seeking a declaration that the restriction in the Schoppa will, in the executor’s deed to Benedict, and in the Benedict deeds, be declared void and that his land is unencumbered by the restriction. He now moves for summary judgment. The counterclaim defendants, who executed an indenture on September 14,1970, consenting to the subdivision of the Benedict retained acreage into four building plots and the construction of dwellings thereon, have submitted no opposition to the motion. The plaintiff James Dubrowsky candidly concedes in his opposing affidavit that prior to purchasing his property he was informed by Benedict of the proposed plan to subdivide the remainder of the Schoppa parcel, but says that he relied upon the advice of his own attorneys that this could not be done. He also acknowledges advising Benedict that he would waive his right to enforce the restriction if Benedict “ gave me a small amount of additional square footage to make my lands of sufficient size so as to subdivide it into two parcels ”, and thus permit him to recoup the depreciation in value of his home that would result were the restriction deemed inapplicable.
Considered as a condition upon the devise by Elizabeth Schoppa of the entire tract to her sister Bose Seyfarth, the above-quoted provision fails because it docs not state what consequence follows from the failure of the devisee or other subsequent taker of the property to comply with the condition. Absent a devise over, a devisee takes real property discharged of the condition (Smith v. Townsend, 32 Pa. 434 [devise “upon this express condition, viz., that the owners * * * shall not build, nor suffer any building to be erected, in the garden spot on the south end of my said dwelling-house ”]; Matter of Donald, 149 Misc. 142; see Ann. 163 A. L. R. 1152.)
Considered as an attempt to impose a restriction running with the land, the will provision fails because testatrix, Elizabeth Schoppa, owned no other real estate. The restriction she attempted to impose, therefore, did not fall within any of the classes defined in Korn v. Campbell (192 N. T. 490; cf. Steinmann *192 v. Silverman, 14 N Y 2d 243; Equitable Life Assur. Soc. v. Brennan, 148 N. Y. 661; Pagano v. Kramer, 25 A D 2d 887, affd. 21 N Y 2d 910) and was void and unenforceable (Larpeg Realty Corp. v. McGrath, 262 App. Div. 1041; Richter v. Distelhurst, 116 App. Div. 269).
Nor is plaintiff aided by allusion to possible benefits to properties owned by others in Elizabeth Schoppa’s family and invocation of third-party donee beneficiary principles as declared in Zamiarski v. Kozial (18 A D 2d 297). The will evidences no testamentary scheme to benefit such other properties (compare the devises in the 13th and 14th paragraphs of the will considered in Brohaw v. Fairchild, 135 Misc. 70, 74, affd. 231 App. Div. 704, affd. 256 N. Y. 670); and Steinmann v. Silverman (14 N Y 2d 243, 245, 246, supra) makes clear that third-party beneficiary principles control only when there is ‘1 explicit provision in the covenant that it is for the benefit of other grantees ”.
The will of Elizabeth Schoppa having imposed no valid restriction, the question next to be considered is the effect of the conveyance by Bose Seyfarth’s executor subject to the restriction. An executor exercising a power of sale may require covenants of a grantee of part of his testator’s property sold by him for the benefit of adjoining land retained by the estate (Simmons v. Crisfield, 197 N. Y. 365), though not for adjoining land owned by him indvidually (Richter v. Distelhurst, 116 App. Div. 269, supra). Here, however, the executor conveyed the entire parcel and did so without exacting a covenant from his grantee, Benedict. Conveyance to Benedict ‘1 subject to ’ ’ restriction imposed by the Schoppa will was meaningless because the -will restriction was itself meaningless, and also because a conveyance “ subject to ” did not imply agreement on Benedict’s part that he would observe the covenant (Morrill Realty Corp. v. Rayon Folding Corp., 254 N. Y. 268, 277; see Ann. 84 ALR 2d 780).
Finally it may be argued that by making his conveyances to the counterclaim defendants subject to the Schoppa will provision, Benedict himself has imposed a restriction on the lands retained by him. The record is, however, plain that Benedict advised his grantees prior to his conveyances that he intended to develop the tract retained by him; that he made no declaration or covenant that restricted his right to do so; that two of his three grantees have released him from any obligation to restrict his use based upon the Schoppa testamentary restrictive language; and that, as already noted, that language was ineffective to accomplish any purpose capable of judicial vindication. It is, thus, clear that Benedict did not intend to impose any restriction upon *193 the land remaining to him after his three conveyances, regardless of whether he thought he was imposing any restrictions upon the plots of his grantees. ‘ ‘ If restrictions evidenced by covenant and binding in their terms upon the land of a grantee [not the situation at bar], are to be read as meaning that the grantor imposes a like restriction upon any land retained by him, the inference may not be drawn without something to show that exact uniformity in respect of all restrictions was of the essence of the project ” (Bristol v. Woodward, 251 N. Y. 275, 285). The plaintiffs have failed to make any satisfactory demonstration in this respect.
In sum, there was no agreement by Benedict to impose the burden of the Schoppa testamentary restrictions upon his remaining land when sold. 11 Instead of the clear and convincing proof required that the restriction was for the benefit of other purchasers, the language used and the conduct of the grantor [Benedict] indicate an intention that the restriction was personal and was for the benefit of the grantors [sic] only. (Hungerford v. Ocean Gardens, 283 App. Div. 797, affd. 308 N. Y. 765.) ” (Tryon v. Spiegel, 8 A D 2d 219, 221.)
It follows that defendant is entitled to the declaration he seeks, unless he is for some reason estopped. However, plaintiffs admit that they made their purchase with knowledge that Benedict proposed the development now under attack and concede that in making their purchase they were guided by the advice of their own attorneys that Benedict could not do what he proposed. Implicit in their admissions is the concession that Benedict was guilty of no conduct that misled them or that can now give rise to an estoppel against him (cf. Lewis v. Gollner, 129 N. Y. 227; Norton v. Ritter, 121 App. Div. 497).
Settle on notice judgment making the declarations that defendant Benedict asks.