306 So.2d 565 (1975)
FLORIDA POWER & LIGHT COMPANY, Appellant,
v.
Alan S. RADER, Trustee, Appellee.
No. 73-837.
District Court of Appeal of Florida, Fourth District.
January 24, 1975.
*566 Norman A. Coll and Matthew M. Childs of McCarthy, Steel, Hector & Davis, Miami, for appellant.
R. Regis Reasbeck of Reasbeck & Fegers, P.A., Hollywood, for appellee.
OWEN, Chief Judge.
The final judgment in this action for inverse condemnation required the defendant (appellant herein) to commence condemnation proceedings to acquire an easement over that portion of the plaintiff-appellee's property upon which defendant had constructed and was maintaining electric power transmission lines and related poles, guys and anchors. We reverse.
Appellant's original entry upon the property in 1944, and its subsequent construction, operation and maintenance of its electric power transmission lines, were all pursuant to a valid but unrecorded written easement from the then owner of the property (a predecessor in title to appellee), executed with the formalities required for conveying property and granting to appellant "the right to set out and maintain poles and anchors for an electric transmission and distribution line, and the necessary appurtenances for such lines".
The trial court concluded, apparently on the basis of Section 695.01(1), F.S., that appellant's failure to record the easement deprived appellee, who purchased *567 the property in 1959, of either actual or constructive notice of the easement, and therefore the easement was ineffectual as against appellee. Such conclusion is contrary to appellee's testimony to the effect that prior to purchasing the property he had made a visual inspection of it and had seen the power lines and poles in question. Actual, open and obvious possession is constructive notice to all the world of whatever right the occupant has in the land, and puts upon inquiry those acquiring any title to or lien upon the land so occupied to ascertain the nature of the rights the occupant has in the premises. Blackburn v. Venice Inlet Co., Fla. 1948, 38 So.2d 43; Marion Mortgage Co. v. Grennan, 1932, 106 Fla. 913, 143 So. 761, 87 A.L.R. 1492; Tate v. Pensacola Gulf, Land & Development Co., 1896, 37 Fla. 439, 20 So. 542.
It is true that at the time appellee inspected the premises and observed the presence of the electric power transmission lines he was uncertain as to the boundary line of the property and, therefore, did not then know that the transmission lines were on the property. It is also true that the survey which was prepared at his request (and examined by him before closing the sale) did not reflect the location of the transmission lines. The fact remains, however, that the electric power transmission lines were on the property and were open, obvious and visible. Appellee was charged with notice of that which was there to be seen, irrespective of whether he actually knew of such possession. Humble Oil & Refining Co. v. Laws, Fla.App. 1973, 272 So.2d 841; Moore v. Choctawhatchee Electric Co-operative, Inc., Fla.App. 1967, 196 So.2d 788; Vincent v. Hines, 1920, 79 Fla. 564, 84 So. 614; Tate v. Pensacola Gulf, Land and Development Company, supra.
The right to inverse condemnation exists when the State, or a corporate entity possessed of the power of eminent domain, has taken private property without lawful authority and without formal exercise of its power of eminent domain. City of Jacksonville v. Schumann, Fla.App. 1964, 167 So.2d 95. Appellant's occupancy and use of a portion of appellee's land having been with lawful authority, i.e., pursuant to and in conformity with a valid easement granted it by appellee's predecessor in title, appellee was not entitled to a judgment of inverse condemnation. The judgment is reversed and the cause remanded with instructions to enter judgment for defendant-appellant.
Reversed and remanded.
MAGER and DOWNEY, JJ., concur.