324 So.2d 180 (1975)
Pat PROCACCI and Rose Procacci, His Wife, Appellants,
v.
Mario ZACCO et al., Appellees.
No. 75-102.
District Court of Appeal of Florida, Fourth District.
December 26, 1975.
Rehearing Denied January 19, 1976.
Herman I. Bretan, Bretan & Marks, Miami, for appellants.
Rodney W. Bryson, Bryson & Berman, Miami, for appellees Zacco and Chapman.
Edward Paul Corwin, Hollywood, for appellee Holder.
WALDEN, Chief Judge.
This is a dispute over an alleged easement. The Doan Estate sold one parcel of land to an heir of the Estate, and an adjacent *181 parcel to Phillips Petroleum. In the deed to Phillips Petroleum the following clause was included:
"Subject to an easement for road right-of-way over the South 25 feet of the North 235 feet of the above described land."
This described strip of land was at right angles to the property sold to the heir. When the present owners of the Phillips Parcel began construction of buildings that encroached upon the described strip, the heir filed a petition for an injunction to prevent the construction, claiming the strip of land was an easement in favor of her property. The trial court held for defendants. We affirm.
The trial court held that the clause cited above did not reserve an easement for the plaintiffs' property, because the language, "subject to," was insufficient to reserve an easement of any kind. There is no Florida appellate discussion of this point, and there are authorities that hold that in certain circumstances the words, "subject to," are terms of qualification, not words of contract  and that they do not operate so as to create or impose restrictions. Dubrowsky v. Benedict, 67 Misc.2d 189, 324 N.Y.S.2d 208 (1971):
"Conveyance to Benedict `subject to' the restriction imposed by the Schoppa will was meaningless because the will restriction was itself meaningless and also because a conveyance `subject to' did not imply agreement on Benedict's part that he would observe the covenant." Id. 324 N.Y.S.2d at 212. (Emphasis supplied.)
See, Smith v. Second Church of Christ, Scientist, Phoenix, Arizona, 87 Ariz. 400, 351 P.2d 1104 (1960); Van Duyn v. H.S. Chase & Co., Inc., 149 Iowa 222, 128 N.W. 300 (1910); Werner v. Sample, 259 Minn. 273, 107 N.W.2d 43 (1961); Renner v. Crisman, 80 S.D. 532, 127 N.W.2d 717 (1964):
"The words `subject to' are frequently used in conveyances and are generally considered terms of qualification... . In their ordinary sense, they mean `subordinate to', `subservient to', `limited by,' or `charged with'. There is nothing in their use which connotes a reservation or retention of property rights." Id. 127 N.W.2d at 721.
Annotation, 84 ALR2d 780, § 2:
"The general conclusion consequently to be drawn from the cases is that the fact that a conveyance is made `subject to' restrictions set forth in some other deed or instrument referred to will not, without more, make the restrictions applicable to the property conveyed if in fact the restrictions do not otherwise apply thereto. At most, a problem of construction arises, and any decision that the premises conveyed become subject to the restrictions thus referred to must rest upon the particular facts, circumstances, and situation presented." Id. at 781.
23 Am.Jur.2d, Deeds § 217 (1965):
"§ 217. `Subject to.'
"The words `subject to' in a deed conveying an interest in real property are words of qualification of the estate granted. Even though the words `subject to', mentioned in the phrase `subject to a specified encumbrance,' bear the obvious meaning that only the equity of redemption belonging to the grantor passes by a deed, such words may, under the circumstances of the particular case, be ambiguous. To ascertain the intention in such ambiguous case, all the circumstances are taken into consideration, and the primary meaning of the words `subject to' will be departed from, if necessary, in order to effectuate what seems best to accord with the intention of the parties. Of course, the rights of an earlier grantee to which a later grant is expressed to be subject are neither *182 abridged nor enlarged by the later grant." Id. at 262.
At best the use of the words "subject to" in an attempt to create an easement leads to unclear and ambiguous results, but see Owen v. Yount, 198 So.2d 360 (2dDCA Fla. 1967). To understand the intentions of the parties (which should be understandable when reading the instrument), recourse must be had to surrounding agreements and circumstances. Without such facts and circumstances, no easement is created when the words "subject to" are used.
Even had the proper words been utilized, there was no evidence of any facts and circumstances that would support a finding that the Estate and Phillips had any agreement to reserve an easement for the benefit of the plaintiffs, and, in fact, the Estate eventually quit-claimed to Phillips any interest the Estate might have had by that conditional clause. The deed to the plaintiffs contained no recitation of the transfer of any more than the fee title to a parcel of land. We hold, in light of these facts and circumstances, that no interest or easement was retained by the Estate for either the Estate or plaintiffs when the Estate sold the parcel to Phillips.
We note, too, that there can be no claim of easement by implication nor by prescription. There was no unity of ownership between the supposed dominant and servient estates at the time of the conveyance, there was no evidence of any use of the described land strip, no evidence of necessity and no evidence of any permanent structure on the described strip. See Downing v. Bird, 100 So.2d 57 (Fla. 1958); Fla. Power and Light Co. v. Rader, 306 So.2d 565 (4thDCA Fla. 1975); Orange Blossom Hills, Inc. v. Kearsley, 299 So.2d 75 (1stDCA Fla. 1974); Reyes v. Perez, 284 So.2d 493 (4thDCA Fla. 1973); Lovey v. Escambia County, 141 So.2d 761 (1stDCA Fla. 1962); Kirma v. Norton, 102 So.2d 653 (2dDCA Fla. 1958).
Finding that the trial court correctly determined the issue, we affirm.
Affirmed.
OWEN and DOWNEY, JJ., concur.