675 P.2d 293

**CITY OF PHOENIX, municipal corporation, Plaintiff-Counterdefendant, Appellee,**

v.

**Earl D. KENNEDY, a divorced man, Defendant-Counterclaimant, Appellant.**

**No. 1 CA–CIV 6225.**

Court of Appeals of Arizona, Division 1.

Dec. 22, 1983.

Andrew Baumert, Phoenix City Atty. by Sandra Karen McGee, Asst. City Atty., Phoenix, for plaintiff-counterdefendant, appellee.

Ray A. Taylor, Scottsdale, for defendant-counterclaimant, appellant.

## OPINION

HOWARD, Chief Judge.

In 1955 appellant was granted a federal patent to five acres of land pursuant to the Small Tract Act, 43 U.S.C.A. § 682a et seq. (repealed 1976). William F. Davis received a patent to an adjacent five acres, which he quit claimed to appellant that same year. Both patents contain the following language:

"This patent is subject to a right-of-way not exceeding 33 feet in width, for roadway and public utilities purposes, to be located across said land or as near as practicable to the exterior boundaries."

In 1979 the City of Phoenix passed an ordinance declaring its intention to improve the street running alongside appellant's two parcels and install sewer and water lines. A public improvement district was created and an ordinance passed which formally accepted the right-of-way described in appellant's patents. Upon appellant's refusal to allow the city access to the claimed right-of-way, it filed this action seeking a temporary restraining order and a permanent injunction restraining order and, after both parties moved for partial summary judgment, granted the city's motion for partial summary judgment.

■ Appellant first argues that the city's right-of-way was not self-executing, but required some sort of acceptance by the city before it became effective and the city could begin construction. He does not explain why the ordinance formally accepting the right-of-way is inadequate under this theory. In addition, the authorities he cites are inapposite. It has been held that the grant of a right-of-way under 43 U.S.C. § 932 (1866)[1] (repealed 1976) must be accepted by public use or formal acceptance prior to the passage of the property to private hands. *State v. Crawford,* 7 Ariz. App. 551, 441 P.2d 586 (1968); *Roper v. Elkhorn at Sun Valley,* 100 Idaho 790, 605 P.2d 968 (1980). The city does not claim its right-of-way under this statute, however, but under the specific terms of the patent. Appellant also cites the proposition that an offer of a dedication of land must be accepted by the government to be effective, but he does not show that this rule has any application to rights-of-way under a federal patent. Moreover, the acceptance of an offer of dedication need not be by any

[1]. This statute reads: "The right of way for the construction of highways over public lands, not reserved for public uses, is hereby granted."

**408**

formal acts, but can arise by implication from the acts of municipal officers. 11 McQuillin on Municipal Corporations § 33.-47.

■ Appellant's second argument is that the patent does not describe the right-of-way with sufficient particularity. We do not agree. Because we have been unable to find any cases specifically construing this language in a federal patent, the application of the law of private easements is appropriate. *Hillstrand v. State of Alaska*, 181 F.Supp. 219 (D.C.Alaska 1960). The language in the patents is sufficient to create a floating easement for a right-of-way which, when created, is not limited to any specific area on the servient tenement, but becomes fixed by the first usage thereof. *City of Los Angeles v. Howard*, 244 Cal.App.2d 538, 53 Cal.Rptr. 274 (1966).

■ Appellant also argues that the language "subject to" does not create a valid easement. In *Smith v. Second Church of Christ*, 87 Ariz. 400, 351 P.2d 1104 (1960), the court held that restrictive covenants will not be inferred from their inclusion in a "subject to" clause in a deed if they are otherwise inapplicable to the deeded property. Appellant cites *Procacci v. Zacco*, 324 So.2d 180 (Fla.App.1975), where this rule was applied to the creation of easements. In *Procacci* the court merely held that recourse to the surrounding circumstances was necessary to determine the intent of the parties. In *Procacci* and *Smith*, the rule of construction that ambiguities will be construed against the drafter was applicable. Here, in contrast, because a federal grant is being construed, any doubts are to be resolved in favor of the government, so as to accomplish the legislative intent behind the grant. *Leo Sheep Co. v. United States*, 440 U.S. 668, 99 S.Ct. 1403, 59 L.Ed.2d 677 (1979).

The intent behind the grant was to utilize public lands effectively. The reservation of the right-of-way was included so as to avoid imposing the heavy burden on local governments of subsequently having to acquire an easement when the time came to install utilities and roadways. See 43 C.F.R. § 2730.0–2, 2731.6–2 (removed

1980); cf. *Ide v. United States*, 263 U.S. 497, 44 S.Ct. 182, 68 L.Ed. 407 (1924). The government's clear intent to make this reservation is shown by the fact that the Secretary of the Interior directed that, where the classification order for individual patents did not provide for rights-of-way over each tract, there would nevertheless be a right-of-way of 50 feet along the boundaries of the patented land. 43 C.F.R. § 2731.6–2, supra.

■ Finally, appellant argues that the city is barred by laches from now utilizing its right-of-way. Laches will not lie against a municipality to defeat the public interest. *Mohave County v. Mohave-Kingman Estates, Inc.*, 120 Ariz. 417, 586 P.2d 978 (1978); *Maricopa County v. Cities & Towns of Avondale, Etc.*, 12 Ariz.App. 109, 467 P.2d 949 (1970).

Appellant was clearly apprised of the city's right-of-way across his land by the patent under which he claims title. The record shows that the city is reasonably utilizing the right-of-way in the manner and for the purposes for which it was reserved.

Affirmed.

HATHAWAY and BIRDSALL, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120(E).