## COLES TRADING CO. v. SPIEGEL, Inc.
### No. 12673.

United States Court of Appeals
Ninth Circuit.

March 22, 1951.

Rehearing Denied May 7, 1951.

Evans, Hull, Kitchel & Jenckes and Norman S. Hull, all of Phoenix, Ariz., for appellant.

Jennings, Strouss, Salmon & Trask and Ozell M. Trask, all of Phoenix, Ariz., for appellee.

Before POPE, McALLISTER * and HASTIE †, Circuit Judges.

---

\* Sixth Circuit, sitting by special designation.

† Third Circuit, sitting by special designation.

PER CURIAM.

In a suit by a sublessor against a sublessee the district court held that the sublessee was not obligated to perform certain of the sublessor's covenants in the overlying lease, where the sublessee had taken "subject to the terms of" such lease, but did not assume the performance of the particular sublessor's covenants in question; and from such determination, the sublessor appeals.

The original or overlying lease was between J. W. Dorris and his wife as lessors and the corporation, that later changed its name to the Coles Trading Company, as lessee.

Subsequently, the Coles Trading Company sublet the premises to Spiegel, Inc., in an instrument designated as a sublease, in which it was provided that the "lessors do by these presents * * * sublease * * and sublet unto the lessee" the premises in question, "subject to the terms of, and with all the rights, privileges and benefits granted the" Coles Trading Company, lessee under the overlying lease.

One of the covenants in the overlying lease provided that if in any year during the lease property taxes should be levied against the premises in excess of a certain amount, the Coles Trading Company, lessee therein, and sublessor in this case, should pay to the lessors of the overlying lease a certain proportion of such excess as additional rental. Subsequently there did result levies of taxes against the premises in excess of the stated amount. Coles Trading Company was obliged to pay such excess of taxes and demanded that Spiegel, Inc., its lessee, reimburse it therefor, claiming that in taking subject to the terms of the overlying lease, Spiegel assumed the covenant to pay such excess of taxes. Spiegel refused payment; and this suit was brought to enforce reimbursement from Spiegel to Coles Trading Company of the money it had been obliged to pay for such taxes.

The district court held that Spiegel did not, by the terms of the sublease, agree to pay such excess of taxes and entered judgment denying recovery. Whether Spiegel assumed such obligation is the issue presented by this appeal.

The words "subject to the terms of said lease" do not impose contractual liability on an assignee to a lessor to carry out the covenants of a lease. S. T. McKnight Co. v. Central Hanover Bank & Trust Co., 8 Cir., 120 F.2d 310. See, also, Consolidated Coal Co. v. Peers, 166 Ill. 361, 46 N.E. 1105, 38 L.R.A. 624. However, appellant contends that the context of the lease agreement between Coles and Spiegel and the manner of its performance disclosed the fact that Spiegel assumed Coles' obligations under the overlying lease, and in support of its argument submits that the parties annexed to their contract a photostatic copy of the overlying lease under a stipulation that such lease was a part thereof; that they agreed in their contract that, notwithstanding any terms in the lease governing such matters as the lessee's duties to make all necessary repairs, the covenants of the parties on such matters should prevail; and that they stipulated for the termination of the contract on grounds different than those contended in the overlying lease. Moreover, in advancing its contention, appellant refers to the fact that the parties stipulated that Spiegel had 30 days grace on matters other than rent; that Coles was obliged to secure permission of the property owner to any subletting by Spiegel; and that Spiegel expressly acknowledged and performed the obligations of the lease governing insurance and heating. Appellant contends, for instance, that unless Spiegel thought itself bound to make structural repairs, there was no reason to provide in the sublease that it should be required to make them "notwithstanding" anything in the overlease. This would seem to be based upon the assumption that there was something in the overlease requiring Coles to make such repairs and that by this exception Spiegel was relieving itself from an obligation it would otherwise have assumed; but there was nothing in the overlease requiring Coles to make structural repairs as such and there was, therefore, no obligation which Spiegel was required to protect it-

self against. This provision appeared only in the sublease, where Coles was obligated to make such repairs. It is further asserted that the provision in the sublease requiring Coles to use its best efforts to persuade the owner to allow Spiegel to sublease, is proof of an assumption of the lease obligations by Spiegel since it shows that Spiegel considered itself bound by the overlease which prohibits such subleasing without permission of the owner. Spiegel was, however, only bound by this limitation which, if not complied with, would terminate the tenancy. Moreover, if the parties had considered Spiegel to be in any direct relationship with the original lessors by assuming the lease, there would have been no occasion to provide that Coles should intervene with the original lessors for permission for Spiegel to sublet. The above mentioned provisions of the sublease upon which appellant relies seem to show that the parties thereto intended to enter into their own agreement upon their own terms, notwithstanding any provisions of the overlease, except to recognize that such tenancy was subject to the terms of that lease. The language of the sublease with reference to its being subject to the overlease has a well-defined meaning. It requires no construction. Under such circumstances, certain proffered extrinsic evidence is not admissible to vary its terms; and it follows that, in accord with the authorities above cited, appellee did not assume the obligations of appellant with regard to payment of the excess of taxes here in question.

■■ Finally, appellant asserts that the sublease was an assignment since under the Arizona law, here controlling, an assignment of a leasehold is a transaction whereby a lessee transfers his entire interest in demised premises for the unexpired term of the original lease, thereby parting with all of the reversionary estate in the property, and is thus distinguishable from a sublease which contemplates the retention of a reversion by the lessee. Shreck v. Coates, 59 Ariz. 269, 126 P.2d 308. In reply, appellee submits that the sublease was not an assignment in that there was a definite reversionary interest retained by Coles as sublessor, either for non-payment of rent or for breach of covenant by the sublessee in the sublease—the first, by right of entry under the Arizona statute in such case provided,[1] and secondly, because the sublessee had a right under the agreement to cancel or terminate the sublease in the event that the sublessor failed to restore in case of fire or in the event of a taking by eminent domain. Appellant insists that according to appellee's contention, the right of entry in such cases would vest in two persons on breach of the covenant, namely, the owner and his lessee, who had assigned all of his estate to the premises involved; and that the only sound legal conclusion that may be adopted in such cases is that the original lessee, having parted with his rights under the sublease, must be deemed to have assigned such rights to the sublessee; that it, accordingly, has no right of re-entry; that it is possessed of no reversionary interest; and that the contract must therefore be treated as an assignment. It is, however, our conclusion that the sublessee in this case had a right of re-entry and that there remained a reversionary interest. See Davidson v. Minnesota Loan & Trust Co., 158 Minn. 411, 197 N.W. 833, 32 A.L.R. 1418.

The parties negotiated for a sublease, secured the original lessors' consent to a sublease, and designated their contractual instrument as such. The covenants provided that the rent be paid by the sublessee to the sublessor and referred in the sublease to the parties as lessor and lessee. The complaint was filed upon an agreement designated as a sublease and refers to the instrument in this term throughout its various paragraphs. Moreover, it appears that some months after the transaction between the parties, when Spiegel asked Coles to consent to an assignment in the event Coles defaulted in the overlying lease, Coles' attorney, who had notarized the sublease, replied in a letter to Spiegel that he could "readily appreciate why Spiegel desires an express statement of its right to cure any default which may

---

1. Section 27–1215, Ariz.Code, Annot. 1939.

be incurred by its lessor, Coles Trading Company \* \* \* But with reference to the agreement with Coles Trading Company and Spiegel, I see no basis for the former to agree to assign the lease to Spiegel. Such an assignment would have the effect of eliminating the sublease, and this, of course, was never contemplated."

It is the duty of the court to give to the contract the effect intended by the parties who made it, as far as this may be done. Davidson v. Minnesota, Loan & Trust Co. supra. It follows that the contractual instrument between the parties was not intended as an assignment but as a sublease. The sublessee did not assume the payment of the excess of taxes provided for in the overlying lease. In accordance with the foregoing, the judgment of the district court is affirmed.