109 So.2d 562 (1959)
J. Alfred BEGNAUD et al., Plaintiffs-Appellants,
v.
Eugene P. HILL, Defendant-Appellee.
No. 4708.
Court of Appeal of Louisiana, First Circuit.
January 5, 1959.
Rehearing Denied March 23, 1959.
*563 Dugas, Bertrand & Smith, Lafayette, for appellants.
McBride & Brewster, Lafayette, for appellee.
ELLIS, Judge.
Plaintiffs filed this suit in which they allege that they are owners of certain property situated in the "Les Jardins Subdivision" located near the southeastern limits of the City of Lafayette, Louisiana; that the defendant was also the owner of a piece of property situated in the same subdivision; that the "Les Jardins Subdivision" was dedicated on September 9, 1941, by Act No. 158468 of the records of the Parish of Lafayette, Louisiana; that all the property in said dedication was made subject to the restrictions, conditions and restrictive covenants therein contained and were designated as covenants running with the land; that under the dedication the use of all the property forming the "Les Jardins Subdivision" was restricted to residential purposes alone; that plaintiffs have constructed their homes in said subdivision but that the defendant was carrying on a commercial business upon the property owned by him in the "Les Jardins Subdivision", and they pray for judgment granting to them a permanent injunction in their favor and against the defendant restraining, enjoining and prohibiting him, his agents, employees and all other persons acting or claiming to act in his behalf carrying on a commercial business and, in particular, the commercial business now being carried on by the defendant.
The defendant filed an exception of no cause or right of action based upon the ground that none of the plaintiffs other than J. Alfred Begnaud owned property in the "Les Jardins Subdivision" which fact was evidenced by an examination of their deed, copy of which were annexed to and made part of the petition of the plaintiffs. The District Court referred the exception to the merits. Trial was had and judgment was rendered in favor of the defendant and against the plaintiffs, dismissing their suit at their cost. From this judgment the plaintiffs have appealed and the defendant has answered the appeal asking that the judgment of the lower court be affirmed.
*564 On September 9, 1941, by notarial act Robert L. Mouton executed an act of declaration and dedication in which he declared and we quote the pertinent and material parts of said declaration as follows:
"That he is the owner of that certain tract of land situated near the Southeastern limits of the City of Lafayette, Louisiana, in Section 44, Township 10 South, Range 4 East, and Section 77, Township 10 South, Range 5 East of the Parish of Lafayette, Louisiana; said tract of land being bounded Northerly by the property of Charlie Mouton et al., Westerly by U.S. Highway 90 and the property of Rosa A. Claudi and the Protestant Cemetery, Easterly by Vermilion River and Southerly by the property of E. G. Feusse, F. Butcher, Frank Clay, William H. Mouton and Eugene Calla and being same property acquired from Harold Demanade by acts duly recorded in the office of the Clerk of Court of the Parish of Lafayette under entries numbered 120061, 120915, and 120916.
"Appearer further declared that he desires to establish a subdivision dedicating certain driveways throughout the property to public use and he desires to lay off certain portions of said property into lots and blocks for the purpose of offering the same for sale and to dedicate the streets named and shown on the plat hereinafter referred to; and pursuant thereto he has caused the said property to be surveyed and divided into lots, blocks and streets and driveways by R. J. Laurent, Civil Engineer, all as is more fully shown by plat of survey made by R. J. Laurent, Civil Engineer, dated September 2, 1931, attached hereto, made part hereof and marked for identification herewith.
"Appearer further declared that the tract of land as divided as aforesaid and as shown by the plat of survey annexed hereto shall be known and designated as `Les Jardins Subdivision' of the Parish of Lafayette, Louisiana.

* * * * * *
"Appearer further declared that the property hereinabove referred to and herein dedicated and shown on the plat attached hereto is hereby subjected to the following restrictions, conditions and restrictive covenants which are hereby made applicable to said property and which shall constitute covenants running with the land. * * * The restrictions and conditions to which the said property is hereby subjected are the following, to-wit:
"`1. All lots in the tracts shall not be used for any purpose other than for residence purposes, and not more than one single family dwelling shall be constructed upon any one lot, except for garages, servants' quarters and other appropriate outbuildings.

* * * * * *
"`11. All of the lots, or any part of the land hereinabove described as constituting this subdivision shall be sold, subject to the restrictions and covenants hereby imposed, and shall bear thereon from the recordation of this instrument to January 1, 1965.'

* * * * * *
"Appearer further declared that the said restrictions and conditions shall not be deemed to prohibit the continuance of the gift shop and sale of novelties, plants, flowers and shrubbery from that portion of the property abutting U.S. Highway 90 and situated west of Lot No. 1 of Block 1 and Lot No. 1 of Block 2."
In order to clearly show the property which was subdivided into lots by Robert L. Mouton in accordance with his formal dedication and the subsequent survey by R. J. Laurent, C. E., and in order to identify the property which he testified was placed in the "Les Jardins Subdivision" in accordance with the instructions and direction of Robert L. Mouton, we are reproducing in part the map to show the location of the defendant's property which is bounded on the west by U.S. Highway 90, also referred to as Pin Hook Street, and by what the civil engineer testified was the "Les Jardins Subdivision" to the east.
*565 
*566 On the fifth day of October, 1944, Robert L. Mouton transferred to the Lafayette Building Association the following described property, to-wit:
"That certain parcel of ground, together with all improvements thereon and thereunto belonging, west of Les Jardins Subdivision to the City of Lafayette, Louisiana, having a front on the Old Spanish Trail between Lafayette and Pinhook, La., of approximately three hundred feet; which three hundred feet begin at the southwest corner of a parcel of ground belonging to Rosa A. Glaudi, and thence runs southerly along the Old Spanish Trail to the continuation of East St. Mary Boulevard; the property herein sold has a depth from the Old Spanish Trail to the property sold by Robert L. Mouton to Les Jardins Corporation; bounded northerly by property of Rosa A. Glaudi, southerly by the continuation of East St. Mary Boulevard; easterly by a strip of ground adjacent to lot one of Block two of Les Jardins Subdivision, sold as aforesaid by Robert L. Mouton to said Les Jardins Corporation, and/or by said lot one of said block two, and westerly by the Old Spanish Trail. Being the same property acquired by Robert L. Mouton from the Lafayette Building Association, together with other property by Act No. 174107 dated June 15, 1944, records of Lafayette Parish, Louisiana."
The following stipulation was inserted in the deed, viz.:
"This sale is made subject to the restrictions contained in Act No. 158468 of the recorder's office of Lafayette Parish, La."
This Act number referred to the formal dedication and declaration supra and which was made by Robert L. Mouton on the 9th day of September, 1941, in establishing the "Les Jardins Subdivision".
On the same date the same property was transferred by the Lafayette Building Association to Edwin Bernard and the same stipulation that it was made subject to restrictions contained in Act No. 158468 was included in this sale. Edwin Bernard on the 25th day of September, 1946 transferred the same property but described it differently, to the Home Building & Loan Association, domiciled in Lafayette, Louisiana. There was no inclusion of any statement that the property was transferred subject to restrictions contained in Act No. 158468. The property was described in this sale as follows:
"That certain parcel of ground in the Third Ward of the Parish of Lafayette, Louisiana, in Les Jardins des Mouton Subdivision, with all improvements thereon, having a front of one hundred, twenty-five (125) feet on U.S. Highway 90 (Pin Hook Road), by a depth between parallel lines as shown on plat of survey which is attached hereto for reference. Said parcel of ground consists of Lot No. Forty-one (41) and the southern portion of Lot No. Forty-two (42) shown on said sketch, and is bounded on the North by the remaining portion of Lot 42, on the East by Lot 1 of Block 2 of said subdivision sold under Act No. 170,609, on the South by a continuation of `The Mall Street' which is the entrance to Les Jardins des Mouton and on the West by U.S. Highway 90; being a part of the same property acquired by vendor under Act. No. 176,014; Clerk's Office, Lafayette Parish, Louisiana. See also Act No. for acquisition."
On the same date the Home Building & Loan Association transferred the property to the defendant, Eugene P. Hill, by the same description set forth in its deed of acquisition. No reference to any restrictions was made in this deed, however, it will be noted that when Bernard transferred the property to the Association it was described as "in Les Jardins des Mouton *567 Subdivision", and the Association in transferring to the defendant used the same description.
We will at this time dispose of the question as to whether the plaintiffs, other than J. Alfred Begnaud, have any right or cause of action against the defendant. The District Judge in his written reasons on this particular point stated:
"Defendant filed an exception of no right or cause of action which was referred to the merits. In his brief, counsel for Mr. Hill argue that the exception should be maintained as to all plaintiffs except Mr. J. Alfred Begnaud, as their deeds, copies of which are annexed to and made part of the petition show that the property acquired by them does not lie in the Les Jardins Subdivision. From an examination of the deeds of these parties, such would appear to be the case. Mr. Bostic, who acquired by three different deeds, shows the purchase of one lot described only by metes and bounds, and two other parcels of land described as being located in Extension No. 2 of Les Jardins Subdivision. The acquisition of Dr. Jurzweg, Mr. Busch, and Mr. Sellers, all refer to property described as being located either in Extension No. 2 or Extension No. 3 of Les Jardins Subdivision, and there is no evidence in the record showing the existence or even the location of either one of these extensions, or that there are any restrictions imposed upon the land situated therein which are in any wise related to the restrictions created when the original survey was made on September 9, 1941, which are before the Court for consideration at this time. This being the case, it would appear that these parties are without interest in this litigation, unless the evidence adduced upon the trial shows otherwise."
There was no other evidence offered to show that the plaintiffs, with the exception of J. Alfred Bergnaud, owned any property in the "Les Jardins Subdivision" and, therefore, they were without interest in this litigation and the exception of no right of action is hereby sustained as to them.
Plaintiffs' suit is based upon two contentions, viz.: First, that the defendant's land was a part of the original "Les Jardins Subdivision" dedicated and laid out by Robert L. Mouton in 1941 by Notarila act, supra and was, therefore, subject to the restrictions placed upon the subdivision in formal dedication; and, second, that the defendant's property was subject to the same restrictions as the plaintiffs' by virtue of having been incorporated in some of the deeds forming the defendant's chain of title. We will consider the two contentions in the above order.
The testimony of the civil engineer employed to survey and carry out the plan of dedication by Robert L. Mouton is clear, unequivocal and positive that the property of the defendant was not included in the "Les Jardins Subdivision"; that he laid the subdivision out exactly as Robert L. Mouton instructed him to do and that it only included that portion of ground shown on the part of the map reproduced, supra, and designated as being within the boundary denoted by the letters A, B, C, D, E, F, G, H, I, J, K, L, M, N, and thence to A. The defendant's property is in that which is marked H on the map and is shown as being bounded on the West by U.S. Highway 90, on the North by the property of Rosa A. Glaudi, on the East by Lot 1 of Block 2, and on the South by an extension of East Street and the unnamed street leading from U.S. Highway 90 into North and South Mall Street. The square in this piece of property represents the commercial establishment being operated by Robert L. Mouton at the time of the dedication. It is urged by the plaintiff that since Robert L. Mouton placed in the original act of dedication a statement that the restrictions were not to apply so as to prohibit him from operating his gift and *568 flower shop, etc., which is located upon the property that now belongs to the defendant, that this was evidence that he intended to place the property within the "Les Jardins Subdivision". We can only interpret the provision referred to as being included in the original act of dedication because Mouton wished to be doubly sure that he could not be prohibited from operating his commercial establishment on this property. We cannot interpret this otherwise in view of the positive testimony in this record that the property upon which he had his flower and gift shop was not included, and was never intended to be included, in the "Les Jardins Subdivision". In addition to the positive testimony of R. J. Laurent, C.E., the language used in the original act of dedication by Robert L. Mouton is strongly corroborative of the position taken by the defendant. For example, it will be noted from the quoted portion, supra, that Robert L. Mouton first described the entire property he owned and then declared that "he desires to lay off certain portions of said property into lots and blocks for the purpose of offering the same for sale * * *". This shows no intention to subdivide the entire property firstly described in the act of dedication which included defendant's property. Robert L. Mouton then in the same paragraph states: "And pursuant thereto he has caused the said property to be surveyed and divided into lots, blocks and streets and driveway by R. J. Laurent, Civil Engineer, all as is more fully shown by plat of survey made by R. J. Laurent, Civil Engineer, dated September 2nd, 1931, attached hereto, made part hereof, and marked for identification." This statement is a positive affirmance and recognition of the map made by R. J. Laurent, C.E., who also testified in this case as above mentioned. From this quoted statement we can only deduce that Mr. Mouton saw and approved of the map and of the subdivision as shown on the map. No lots or blocks were made in the property lying to the west of Block 1 and Block 2 of the "Les Jardins Subdivision" and in which the defendant's property is located. The map clearly shows this. Mr. Mouton further declared that the tract of land as divided "as aforesaid and as shown by the plat of survey annexed hereto shall be known and designated as `Les Jardins Subdivision' of the Parish of Lafayette, Louisiana." He further declared that the property "hereinabove referred to and herein dedicated and shown on the plat attached hereto is hereby subjected to the following restrictions, additions and restrictive covenants * * *". In addition to the above declarations by Mouton he also placed a provision, which we have not quoted, in the act of dedication that the restrictions themselves could be altered only by "the owners of the majority of the lots in said subdivision * * *"; (emphasis added) which is also evidence of the fact that the subdivision was limited to that part of the property divided into lots and the plat shows that none of the property on the Pinhook Road or Highway 90, which included the defendant's property, was divided into lots or blocks. In addition the map and plan of the subdivision reveals that in Block 2, Lots 14, 13, 12 and 11 have a frontage on North Mall Street of 30 feet, and Lots 10, 9, 8, 7, 6, 5, 4, 3, 2 have a frontage on the same street of 25 feet, whereas, Lot No. 1, the last lot plotted and which forms the eastern boundary line of the property including the defendant's is only 24 feet front on North Mall Street. Counsel for defendant points out that there is no reason for not making this lot 25 feet if defendant's property, or the property of which it is a part, was to be included in the "Les Jardins Subdivision". Also the record shows that there was an old fence between the western boundary of Lot 1 and the eastern boundary of the property designated as H on our plat.
From the above and foregoing, and after a careful consideration of the record, we believe that the evidence offers conclusive proof that the defendant's property was never intended to be a part of, *569 and was never placed in the "Les Jardins Subdivision". As we have no doubt of the correctness of our views on this point, we have not included any citation of authorities, which are many, to the effect that should there be any doubt as to whether the land is encumbered by restrictions, such doubt should be resolved against the encumbrances or restrictions.
This brings us to the second contention made by the plaintiff that the defendant's land is burdened with the same restrictions as plaintiff by virtue of the fact that in the deed from Robert L. Mouton to Lafayette Building Association and from that Association to Bernard, both passed on the same day, there was a statement that the sale "is made subject to the restrictions contained in Act No. 158468 of the recorder's office of Lafayette Parish, Louisiana." Plaintiff cannot prevail under this second contention. The lower court, as well as this court, found as a matter of fact, that plaintiff's property was never intended to be a part of, nor thereafter included in, the original "Les Jardins Subdivision," and therefore plaintiff is without interest and has no right of action for the enforcement of any restriction which might have been placed upon the defendant's property by Mouton. We are assuming for the sake of argument that the clause placed in the deeds referred to by Mouton and the Building Association amounted to restrictive covenants running with the land, which we do not think is correct. Even under such an assumption the purchasers of lots in the "Les Jardins Subdivision", which contained restrictive covenants pursuant to the general building plan or scheme as set forth in the original dedication by Mouton, cannot enforce such restrictive covenants relating to lots or land subsequently sold or platted by Mouton, and which was not included, but specifically excluded from the "Les Jardins Subdivision".
While we do not consider it necessary that we consider the question of whether the clause referred to constitutes a restrictive covenant running with the land or merely a personal obligation on the part of the Building Association, Edwin Bernard, and the defendant, as vendees, we will briefly state that the clause inserted by Mouton in the deed to the Association and by the latter in the deed to Bernard, by virtue of its language "subject to" did not constitute a binding obligation or agreement on the part of the Association or Bernard to abide by the referred to restrictions, applicable to the original "Les Jardins Subdivision", for the reasons given by the lower court, and we quote:
"It will be noted that the language used in the provision in question does not import the creation of any affirmative obligation on the part of the parties. It is not contractual in its nature. The Court is unable to point to any case in the jurisprudence of this state interpreting the term `subject to' in the sense in which it appears in these two deeds, but numerous citations are to be found in 40 Words and Phrases [Subject To], p. 389, to the effect that these words mean subordinate to, subservient to, or governed by the matter to which reference is made, and it is almost universally recognized that they are of no contractual significance. Among the cases cited in this work is that of Van Duyn v. H. S. Chase Co., 149 Iowa 222, 128 N.W. 300, 301, to the effect that one who purchased the front half of a lot of ground under a deed containing such a restriction as to building and residential use, and who subsequently purchased the back half of the lot in question under a deed simply providing that it was made `subject to' the restrictions of the former deed, was not bound by the restrictions in his use of the land acquired in the second transaction. The Iowa Court held that the phrase `subject to' meant under the control, power or dominion of, or subordinate to, such former deed, and not being words of contract, imposed no contractual obligation upon the defendant. See also Coles Trading Co. v. Spiegel [9 Cir.], 187 F.2d 984, 985 [24 A.L.R.2d 702].
*570 "Since the land now owned by defendant Hill was not included in the original plan of Les Jardins Subdivision in order to render the restrictions applicable thereto would require a title, or express contract, evidencing the intention of the landowner clearly and unmistakably to include his property within their scope. [Holloway v. Ransome, 216 La. 317] 43 So.2d 673. This was not done when the stipulation quoted above was inserted into the deeds to Mr. Bernard. Furthermore, a close examination of the restrictions themselves, particularly those pertaining to building lines, renders them almost impossible of enforcement when applied to the land in question."
In the case at bar the defendant's deed did not contain even the clause "subject to" restrictions contained in the original act of dedication of the "Les Jardins Subdivision". Neither did the former deed from Mouton to the Association and by the latter to Bernard bind their heirs and assigns insofar as any attempted restriction was concerned. This was fatal, as the defendant's property, as well as the property from which it was taken, was not subject to any restrictions as the result of any general plan or scheme by virtue of an act of formal dedication as was the lots and property contained in the "Les Jardins Subdivision". Therefore, for any restrictions to have been validly imposed by Robert L. Mouton, the deed by which he sold to the Loan Association must have contained the restrictions sought to be imposed in clear and explicit language binding not only the vendee but also its heirs and assigns. In lieu of this the clear and explicit restrictions should have been inserted in each successive deed, however, this was not done as no restrictions or reference to any restrictions were placed in the defendant's deed and in no deed were any restrictions made binding upon the heirs and assigns of any vendee. See Tucker v. Woodside, La. App., 53 So.2d 503 and authorities cited therein by this court.
For the above and foregoing reasons the judgment of the District Court is affirmed.