KNOLL, Judge,
dissenting.
The building restrictions at issue in the present case do not refer to townhouses. Words used in building restrictions are to be understood in their common and usual meaning. LSA-C.C. Art. 1946. The building restrictions in question provide that the lots in the subdivision are to be used for residential purposes only; townhouses or multiple-family dwellings were not prohibited. Paragraph two of the restrictive cov *594 enant which formulates a minimum cost and size is applicable solely to houses. A person reading the restrictions is unable to ascertain that they were intended to apply to townhouses or multiple-family dwellings. Townhouses or multiple-family dwellings were not mentioned, therefore these building restrictions were not applicable. “When there is doubt as to the intent of a person to impose restrictions, or as to the existence of a general plan, the doubt is resolved in favor of the owner whose property is allegedly restricted.” Yiannopoulos, Predial Servitudes, Section 200, 4 La.Civ.L. Treatise 519 (1983); Herzberg v. Harrison, 102 So.2d 554 (La.App. 1st Cir.1958). Begnaud v. Hill, 109 So.2d 562 (La.App. 1st Cir.1959).
The three townhouses were owned by one person, but they were rented to others. The building restrictions do not prohibit renting.
The Louisiana Condominium Act (LSA-R.S. 9:1121.101 et seq.) does not provide that building restrictions are to be applicable to townhouses and multiple-family dwellings when such restrictions are not mentioned.
I respectfully dissent.