516 So.2d 1012 (1987)
Frank and Marie ROBERTIA, Appellants,
v.
PINE TREE WATER CONTROL DISTRICT, a Water Control District under the Laws of the State of Florida, Appellee.
No. 85-501.
District Court of Appeal of Florida, Fourth District.
December 2, 1987.
Rehearing Denied January 13, 1988.
George A. Williamson, Fort Lauderdale, for appellants.
Mary M. Viator of Caldwell & Pacetti, Palm Beach, for appellee.
WEBSTER, PETER D., Associate Judge.
Appellants (the Robertias) seek review of a permanent injunction enjoining them from interfering with the construction and maintenance of a drainage easement across their property by Pine Tree Water Control District and its contractor. The permanent injunction also retained jurisdiction for the purpose of considering Pine Tree's motion that the Robertias be required to pay a reasonable attorney fee pursuant to Section 57.105, Florida Statutes.
In 1978, the Robertias purchased the property in question from Rustic Ranches, Inc. The deed contains the following language:
SUBJECT TO THE FOLLOWING EASEMENTS:
A. An Easement for ingress and egress for road purposes and for the construction, maintenance and use of utilities and drainage over the Northerly 30 feet thereof, as measured at right angles to the lot line.
The trial court found that this language was sufficient to reserve an easement. Although the trial court noted that "[t]he reservation of the easement in the deed, [sic] runs to the grantor [Rustic Ranches] who is not a party and there is no further documentation of record wherein the grantor *1013 [Rustic Ranches] deeded its easement to [Pine Tree]," it, nevertheless, found that the easement was reserved for Pine Tree, "or one similarly situate," and held that "this technical defect" could "be cured under the doctrine of after acquired title by a deed from the Robertias' grantor [Rustic Ranches] to [Pine Tree] of the easement in question."
In Procacci v. Zacco, 324 So.2d 180 (Fla. 4th DCA 1975), this Court held that use of similar language, including the words "subject to," in a deed was not, by itself, sufficient to reserve an easement. This Court said that, in order to decide whether an easement was created, a court must look to the surrounding agreements and circumstances and determine the intentions of the aprties at the time the language was used, because the words "subject to" when used in a deed are generally words of qualification, rather than of contract.
In this case, there is no evidence of any agreement by the parties at the time the deed was executed to reserve an easement for the benefit of the grantor, Pine Tree or anyone else. Accordingly, Procacci v. Zacco requires reversal. Moreover, even if an easement had been properly reserved by the language employed, there is no evidence suggesting that Pine Tree has any right to use such an easement.
Because Pine Tree was not entitled to an injunction, it was, likewise, not entitled to attorney fees under Section 57.105, Florida Statutes. There clearly was not "a complete absence of a justiciable issue of either law or fact raised by" the Robertias.
The Robertias also claim that Pine Tree failed to join an indispensible party. We find this claim to be without merit.
This case is reversed and remanded to the trial court, with directions that the trial court enter a final judgment in favor of the Robertias and against Pine Tree.
REVERSED and REMANDED, with directions.
WALDEN, J., concurs.
HERSEY, C.J., dissents with opinion.
HERSEY, Chief Judge, dissenting.
There are two difficulties with this case. The first is that the evidence was not presented to the trial court in a manner calculated to establish a preponderance on one side of a clear-cut issue. The second problem lies in the reasoning expressed in the injunctive order which we review here. Despite those obstacles I would affirm the existence of an easement and the right of appellee to implement the drainage plan that is in issue.
The easement about which the parties quarrel is an easement for the benefit of landowners in Rustic Ranches, including appellants themselves, and for the benefit of the public  not for the "benefit of" appellee or its predecessors. Thus, we are outside the scope of Procacci and similar cases. Certainly there are neither procedural nor substantive due process rights of appellants which are invaded by utilization of the easement. Their deed unequivocally put them on notice that there was an easement and thus that the consideration paid by them was for land which was encumbered by an easement. Based upon the evidence and upon the trial court's conclusions from the evidence, it would appear that a public easement for drainage exists on appellants' property.
As to the reasons stated in the injunctive order, those that run counter to the foregoing summary need not lead inexorably to reversal but may instead simply be considered surplusage by application of the "right for the wrong reason" principle of Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla. 1979).
I would affirm.