HARRIS, Judge.
Wenboy Limited Partnership (Wenboy) timely appeals from a final judgment permitting reinstatement of a lease with Rock-ledge Bar-B-Q, Inc. (Rockledge).
Wenboy, a West Virginia corporation, owned certain real property located in Bre-vard County and leased the property to Rockledge for operation of a Fat Boy’s Bar-B-Q restaurant. The lease was to terminate on December 31, 2007, provided Rockledge, among other conditions, paid the monthly rent plus any taxes levied on the premises. The lease contained the following provisions:
4. HOLDING OVER.
In the event that Lessee remains in possession of the Premises after the expiration or termination of this Lease, Lessee will be deemed to be occupying the Premises as a Tenant from month-to-month, subject to all the conditions, provisions and obligations imposed upon the Lessee in this Lease.
⅜ * aje s(e ajc ⅜
18. DEFAULT BY LESSEE.
If: (i) the Lessee defaults in the performance of any of the provisions, covenants or conditions of this Lease and such default continues for ten (10) days after the Lessee is notified in writing by Lessor to cure such default (or if such default is of a nature that it cannot be cured within such ten (10) day period and continues for longer than the period reasonably required to cure it), or
******
(v) if this Lease is terminated by operation of law, then in any such event Lessor may immediately, or any time thereafter, without prior written or other notice or demand upon the Lessee except as specifically otherwise provided in the Lease, re-enter and take possession of the Premises (by action of forcible entry and detainer or otherwise) and, thereafter Lessor may either:
(a) declare this Lease terminated, in which event Lessor may thereafter possess and enjoy the Premises as though this Lease had never been made, without prejudice, however, to any and all rights of action which the Lessor may have against the Lessee at the time of such termination for Rent, damages or breach of covenant previously accruing or occurring, ...
Rockledge defaulted by failing to pay rent and Wenboy served the appropriate written notification of the default and notified Rockledge to cure the default by paying the amount of $19,548.96 within ten days or Wenboy would pursue all available remedies, including filing an action for eviction. Upon Rockledge’s failure to cure the default, Wenboy again served written notification declaring, the lease terminated, demanding possession of the premises within ten days, and requiring double rent for each day Rockledge continued to occupy the premises. Rockledge failed to respond and refused to vacate the premises.
Wenboy filed an eviction action seeking a judgment for possession under Count I; damages for past due rentals, sales tax and real property tax under Count II; damages pursuant to the guaranty agreement under Count III; and summary proceedings pursuant to Section 51.011. In response, Rockledge filed a motion to dismiss in which it alleged that the court lacked personal and subject matter jurisdiction and that Wenboy had failed to allege performance of certain conditions precedent. A hearing on the motion to dismiss was conducted but no immediate ruling was made and no transcript of the hearing is available. Following the hearing, Rockledge filed an untimely answer admitting only the execution of the lease and filed affirmative defenses alleging that Wenboy had wrongfully terminated the lease, had waived its right to bring such an action, had failed to allege compliance with conditions precedent under the lease and Florida law, was not entitled to double rent, that the court lacked jurisdiction, and that Rock-ledge was entitled to set off debts owed by Wenboy’s general partner to Rockledge subject to pending litigation in another *416 case.[1]
Rockledge thereafter deposited funds to cover the rents due up to the time of the deposit into the court’s registry and Wen-boy moved the court to disburse the funds, alleging that they constituted minimum rentals that Wenboy was entitled to regardless of any other matters set forth in the pleadings. The court granted Wen-boy’s motion, finding that it was entitled to past due rents in any event under the terms of the lease. When the eviction count came before the court, the trial court entered the following order styled “Pinal Judgment for Possession and Allowing Reinstatement”:
Defendant, ROCKLEDGE BAR-B-Q, INC., filed no defenses of law or fact pursuant to Section 51.011(1), Florida Statutes, but did file a Motion to Dismiss which the court heard. Based upon argument of counsel, it is thereupon ORDERED AND ADJUDGED:
(1) Defendant’s Motion to Dismiss is denied.
(2) The factual allegations set forth in paragraphs 1 through 8 of Count I of the Complaint are taken as true as a result of the default of Defendant, ROCK-LEDGE BAR-B-Q, INC. Plaintiff, WENBOY LIMITED PARTNERSHIP, shall recover from Defendant, ROCK-LEDGE BAR-B-Q, INC., possession of the following described property ...
(3) Defendant, ROCKLEDGE BAR-B-Q, INC., is allowed until 5:00 o’clock p.m. Monday, August 10, 1992 to pay all past-due amounts under the terms of the aforesaid Lease, together with interest at twelve percent (12%) per annum from the date that the same became due and payable; otherwise, Defendant shall surrender possession of said premises to Plaintiff and upon Defendant’s failure to do so, the Clerk of this Court shall issue a Writ of possession.
Wenboy appeals from this order in Count I of its complaint. Counts II and III are not at issue in this appeal. Rockledge did not cross-appeal.
Wenboy argues that the trial court erred in reinstating the lease upon payment of the past due rent by Rockledge. It argues that by providing proper notice to Rock-ledge of the default, it was entitled to a termination of the lease upon Rockledge’s failure to timely cure the default. Since the lease was properly terminated, Wenboy argues, the court lacked the authority to reinstate the lease. We agree and reverse.
Rockledge urges that even if the written lease was terminated, it became a month-to-month tenant (even though it paid no rent) when it was permitted to remain in possession for some months before the eviction suit was filed. Therefore, Rock-ledge argues that not only was it entitled to the notice provided by the lease, it was also entitled to the statutory fifteen-day notice prior to filing suit to terminate the month-to-month tenancy.[2] It also urges that Wenboy failed to provide it with the three-day notice required under section 83.-20(2), and that even had proper notice been given, so long as it made the payments owed,[3] it was vested with the right to occupy the property under the conditions of the lease. Because there is no transcript of the hearing on the motion to dismiss, it is unclear whether the trial court considered any of Rockledge’s arguments. Although *417 most of these arguments are contained in Rockledge’s answer, the answer was filed after the hearing and more than five days after service of the complaint (rendering it untimely pursuant to the summary proceeding statute, section 51.011). See Crocker v. Diland Corp., 593 So.2d 1096 (Fla. 5th DCA 1992) (motion to dismiss complaint in summary proceeding does not toll time to file answer). Although the parties did not raise the timeliness of the answer, the trial court considered this issue and held that appellees, “filed no defenses of law or fact pursuant to section 51.-011(1)” and that, “the factual allegations set forth in paragraphs 1 through 8 of Count I of the Complaint are taken as true as a result of the default of Defendant, Rockledge Bar-B-Q, Inc.”
The pertinent Landlord/Tenant statutes provide:
Section 83.21, Removal of tenant:
The landlord, his attorney or agent, applying for the removal of any tenant, shall file a complaint stating the facts which authorize the removal of the tenant, and describing the premises in the proper court of the county where the premises are situated and is entitled to the summary procedure provided in § 51.011.
Section 83.231, Removal of tenant; judgment:
If the issues are found for plaintiff, judgment shall be entered that he recover possession of the premises. In addition to awarding possession of the premises to the plaintiff, the court shall also direct, in an amount which is within its jurisdictional limitations, the entry of a money judgment in favor of the plaintiff and against the defendant for the amount of money found due) owing, and unpaid by the defendant, with costs. However, no money judgment shall be entered unless service of process has been effected by personal service or, where authorized by law, by certified or registered mail, return receipt, or in any other manner prescribed by law or the rules of the court; and the plaintiff in the judgment for possession and money damages may also be awarded attorney’s fees and costs. If the issues are found for defendant, judgment shall be entered dismissing the action.
Section 51.011, Summary procedure:
The procedure in this section applies only to those actions specified by statute or rule. Rules of procedure apply to this section except when this section or the statute or rule prescribing this section provides a different procedure. If there is a difference between the time period prescribed in a rule and in this section, this section governs.
(1) PLEADINGS. — Plaintiff’s initial pleading shall contain the matters required by the statute or rule prescribing this section or, if none is so required, shall state a cause of action. All defenses of law or fact shall be contained in defendant’s answer which shall be filed within 5 days after service of process. If the answer incorporates a counterclaim, plaintiff shall include all defenses of law or fact in his answer to the counterclaim and shall serve it within 5 days after service of the counterclaim. No other pleadings are permitted. All defensive motions,' including motions to quash, shall be heard by the court prior to trial.
Rockledge’s argument that their tenancy became month-to-month after termination of the lease because appellant did not immediately file suit is unpersuasive and ignores the lease provision which provides that Wenboy may, upon default, declare the lease terminated. We reject Rockledge’s contention that in any written lease for a term of years, the landlord must not only comply with the termination provisions of the lease but also the statutory termination provisions relating to a month-to-month lease because the lessee automatically becomes a holdover tenant upon termination. We hold that if proper termination notice is given under the terms of a written lease and eviction proceedings are filed under said lease, then no additional notice need be given because the tenant refuses to vacate the premises until or *418 dered by the court to do so.[4] We have considered Rockledge's other arguments but find them to be without merit.
The record supports the trial court’s finding that the lease was properly terminated. There is, however, no authority for the court to order reinstatement if the tenant later makes up the delinquent payments. We reverse that portion of the final judgment.
REVERSED and REMANDED for further action consistent with this opinion.
GOSHORN, C.J., and THOMPSON, J., concur.

.Appellees now allege in their answer brief that the trial court heard testimony at the unreported hearing on the motion that a general partner of Wenboy (who remains nameless) purchased Fat Boys Franchise Systems, Inc. from Janet Keller, executing notes and a stock pledge agreement. He defaulted on the agreement and owed Keller more than double the amount owed on the lease at issue in this appeal. Appel-lees argue that the trial court heard testimony that during the four months between appellant’s notice to appellees and the filing of the suit, the parties were attempting to set off the various amounts owed. Nothing in the record supports any of these allegations.

. Section 83.03, Termination of tenancy at will, provides:
A tenancy at will may be terminated by either party giving notice as follows:
(3) Where the tenancy is from month to month, by giving not less than 15 days’ notice prior to the end of any monthly period.

. But no payments were made under the lease. It was not until after Wenboy terminated the lease that the money was paid into court.

. A different result would occur, of course, if after notice of termination of a written lease, the tenant proffered and the landlord accepted rent payments before an action for eviction was filed. This would indicate a mutual agreement to create a month-to-month tenancy. Merely staying on the premises after being told to vacate creates no additional rights. The Holding Over provision of the lease contemplates continued occupancy by mutual consent.