PER CURIAM.
The current owners of certain Monroe County land seek reversal of a trial court’s order finding the property’s previous owners maintained a leasehold on a portion of the property. We affirm.
Roger and Patricia Cook are the owners of two land parcels (Lots 1 and 2) in the Mara-meade Subdivision in Marathon. This property is immediately adjacent to the easterly boundary of property owned by Tradewinds West Condominium, Inc. The property was all originally owned by James K. and Sally L. Hogan. In the early 1970’s, the Hogans erected the condominium on part of their property described as Lots 3 and 4. During the construction of the condominium, the Hogans constructed a sewage treatment plant on a part of Lot 1.
As part of the condominium development process, the Hogans sold all of the condominium units to individual purchasers and entered into a 99-year lease between themselves as lessors, and the Tradewinds Condominium Association as lessee. The subject of the lease was the swimming pool, docks, as well as the sewage treatment plant. Por the period of 99 years, the Hogans were to receive, and have been receiving, the sum of $6,500 per year from the Association. The upkeep and repair of all of these leased facilities rests with the Association. This lease dated April 25, 1973, was recorded in the Public Records of Monroe County.
On September 23, 1974, the Hogans transferred their interest in the condominium property, by quitclaim deed to a corporation in which the Hogans owned all stock, Hogan Enterprises, Inc. On March 25,1981, Hogan Enterprises, Inc., by warranty deed, conveyed Lots 1 and 2 to John and Helga Knep-per, the warranty deed stating that the conveyance was: “SUBJECT TO: a ninety-nine-year lease dated April 25, 1973 and recorded in Official Records Book 549, page 639-663 of the Public Records of Monroe County.” On the property conveyed to the Kneppers was situated the sewage treatment plant. In 1984, the Kneppers then conveyed the property to F & K Enterprises, Inc. This warranty deed also contained a statement that the conveyance was subject to the afore-described lease. Later in that same year, 1984, F & K Enterprises, Inc. then transferred the same property, by warranty deed, to the Cooks. This deed also contained language making the warranty deed subject to the afore-described lease.
The Cooks filed a complaint seeking a declaratory judgment stating that they are the lessors under said lease and are entitled to all rents. The Hogans denied this claim. The Association, as stakeholder, filed a cross-claim in interpleader and is holding the rent payable under the lease, in escrow, until this action is resolved. The trial judge entered judgment in favor of the Hogans, finding that the Hogans are the lessors in a leasehold interest in the treatment plant. From this judgment, the Cooks appeal.
Appellants argue that the deed in statutory form, § 689.02, Fla.Stat. (1973), operated to convey the fee simple title, including the right to collect rents, to each successive owner. Appellees urge the “subject to” language rendered the deed susceptible to clarification by parol evidence, § 689.10, Fla. Stat. (1973), so as to demonstrate a valid reservation of the right to collect rent in the grantor. In sum, we agree with appellees’ position.
*593 As stated in Procacci v. Zacco, 324 So.2d 180, 181 (Fla. 4th DCA 1975), citing 23 Am. Jur.2d Deeds § 217 (1965):
§ 217. Subject to.
The words ‘subject to’ in a deed conveying an interest in real property are words of qualification of the estate granted. Even though the words ‘subject to,’ mentioned in the phrase subject to a specified encumbrance, bear the obvious meaning that only the equity of redemption belonging to the grantor passes by a deed, such words may, under the circumstances of the particular case, be ambiguous. To ascertain the intention in such ambiguous case, all the circumstances are taken into consideration, and the primary meaning of the words ‘subject to’ will be departed from, if necessary, in order to effectuate what seems best to accord with the intention of the parties.
Thus, in the instant case, it was within the trial court’s province to consider “the surrounding agreements and circumstances and determine the intention of the parties at the time the language was used.” Behm v. Saeli, 560 So.2d 431, 432 (Fla. 5th DCA 1990) (citing Robertia v. Pine Tree Water Control District, 516 So.2d 1012 (Fla. 4th DCA 1987)).
In this case, neither the Cooks, the Knep-pers nor F & K Enterprises ever collected rent from the plant. The Cooks admitted at trial they were aware of the lease when purchasing the property and were told at the time of purchase they would receive no rent. The Cooks were then in possession for six years before they commenced the action for declaratory judgment. Consequently, the “subject to” provisions of the lease considered in conjunction with the parol evidence amply support the trial judge’s conclusion that the Hogans maintained the leasehold interest.
Affirmed.