DAMOORGIAN, C.J.
Appellant, David Lougasi, appeals a final judgment entered against him and in favor of Appellee, Sophia Enterprises, Inc. (“Landlord”) for damages arising from a breach of a commercial lease by Appellant’s assignee, Nancy Feldman (“Assign-ee”). We reverse because the undisputed evidence introduced at trial established that the Landlord terminated the lease prior to the Assignee’s alleged breach, thus relieving Appellant of his obligations under the lease.
The facts of this case are as follows. In September of 2007, Appellant entered into a five-year commercial lease with Landlord (the “Lease”). The Lease provided that in the event Appellant assigned his rights under the Lease, Appellant would still be responsible for any unpaid rents by his assignee. It also provided that the Landlord could unilaterally terminate the Lease in the event of a sale of the leasehold property after providing sixty days written notice to the tenant.
In April of 2008, Appellant sold his business and assigned his interest in the Lease to Assignee. Then, in late August of 2008, Landlord sent Assignee the following notice through its counsel:
*841 In accordance with the terms and conditions of said lease, my client hereby gives you sixty (60) days notice to vacate based upon the recent sale of the premises and expects that you will return possession of the premises to your new landlords on or before October 31, 2008. It is my clients [sic] expectation that the premises will be broom clean and that you will deliver the keys as required by the lease. Please further be advised that any security deposit pursuant to your leasehold will be returned to you in accordance with the terms of the lease and/or Florida Statutes.
Assignee felt that Landlord was not justified in its termination since there was no sale of the leasehold property, and made several attempts at getting Landlord to rescind the termination. Assignee’s father, a retired attorney, also tried to negotiate with Landlord on Assignee’s behalf. Despite their best efforts, both Assignee and her father testified that Landlord never rescinded the termination notice. At the trial, Landlord’s principal admitted that it intended to terminate the Lease when it sent the termination notice, but realized after the fact that it probably did not have grounds under the Lease to do so. Nonetheless, Landlord confirmed that it never rescinded its notice of termination. Despite the termination notice, Assignee continued to pay and Landlord continued to accept rent until December of 2008, when Assignee failed to timely pay rent. Landlord then sued Assignee and Appellant for breach of the Lease.
Following a bench trial, the court entered final judgment in Landlord’s favor, finding in pertinent part:
[T]he conduct of the parties does not establish a termination of the lease. There was an acknowledgment that [the Assignee] continued to perform under the lease for many months after the date she claims the lease was terminated.
Appellant contests this ruling on appeal, asserting that Landlord terminated the Lease, and thus his legal obligations under the Lease, by sending the termination notice. We agree.
The interpretation of a lease agreement is a question of law and the applicable standard of review is de novo. Leisure Resorts, Inc. v. City of W. Palm Beach, 864 So.2d 1163, 1166 (Fla. 4th DCA 2003). In an appeal from a bench trial, “ ‘the trial judge’s findings of fact are clothed with a presumption of correctness on appeal, and these findings will not be disturbed unless the appellant can demonstrate that they are clearly erroneous.’ ” Taylor v. Richards, 971 So.2d 127, 129 (Fla. 4th DCA 2007) (quoting Universal Beverages Holdings, Inc. v. Merkin, 902 So.2d 288, 290 (Fla. 3d DCA 2005)).
Here, there was no dispute that Landlord sent Assignee a termination notice in August of 2008. There was also no dispute that Landlord intended to terminate the Lease and never took any action to rescind the termination notice.[1] Thus, the only evidence the court had to determine that there was no termination was *842 that Assignee disagreed with the basis for the termination and continued to pay rent. This is not sufficient to support the court’s finding. The Assignee’s actions in continuing to pay rent after the Landlord terminated the Lease did not negate the Landlord’s actions or somehow legally reinstate the Lease. Rather, they merely created a month-to-month tenancy independent of the Lease. See Wenboy Ltd. P’ship v. Rockledge Bar-B-Q, Inc., 619 So.2d 414, 418 n. 4 (Fla. 5th DCA 1993) (noting that “if after notice of termination of a written lease, the tenant proffered and the landlord accepted rent payments before an action for eviction was filed,” a month-to-month tenancy is created); see also § 83.04, Fla. Stat. (2008) (if a written lease has expired and the tenant continues to pay rent which the landlord accepts, the lease is not renewed but a tenancy at sufferance is created).
Accordingly, we hold that the court incorrectly found that the Lease was not terminated. Once the Lease was terminated, Appellant had no further obligations to Landlord. Thus, it was error for the court to find Appellant liable for events that occurred after the termination.

Reversed.

WARNER and CONNER, JJ., concur.

. Whether the Landlord had the right under the Lease to terminate is a question for a different day, and could have been the basis for a breach of contract action against Landlord by Assignee. The Landlord took objective steps to terminate the lease by sending written notice of termination, knowing a termination unconnected to a breach of performance by the tenant would release the liability of Appellant as assignor. The lease required written notices. The Landlord took no steps to rescind its notice of termination. Under the unambiguous language of the lease, the lease was terminated. The fact that the termination may have been improper does not negate the fact of termination. We disagree with the Landlord's argument that the written notice of termination was a nullity.