LEVINE, J.
The issue presented in this ease is whether appellees possess an easement on appellant’s property. We find the deeds purporting to grant an easement are ambiguous and thus the trial court correctly considered extrinsic evidence in its interpretation of the deeds. We further find that the trial court’s interpretation of the ambiguous deeds is supported by compe *463 tent substantial evidence. Therefore, we affirm.
The appellant, Charles Hastie, owns Lot 1, a lot on the unrecorded plat of Clark Lane. Lot 1 is located at the north tip of Clark Lane, next to the water. Lots 2 through 8 are located to the south in descending order. Appellees are the owners of lots 2, 4, 7, and 8.
Historically, the area that is now known as Clark Lane was originally owned by the common grantors Basil and Mildred Sta-ley. About sixty years ago, the common grantors began dividing the individual lots on Clark Lane and selling them. In 1955, they sold Lot 2, and in the deed the common grantors included the following: “The grantee herein shall have the perpetual use of the private road adjoining said land on the East.” Over the next few years, the common grantors sold the remaining lots on Clark Lane with the. exception of Lot 1, which they retained until 1968. The deeds to Lots 3 to 8 all provided that the lots were “SUBJECT TO an easement for road purposes over the East 30.0 feet” of the lot.[1] Additionally, Lots 4, 7, and 8 all state that the “[gjrantees herein are hereby given the right and privilege ... of free dock-age on the waterfront at the north end of the 30 foot road on the East side of the Property.” In 1968, the common grantors conveyed Lot 1 and included the following language in the deed: “SUBJECT TO a Right of Way for ingress and egress over the East 30 feet, measured at right angles, thereto.”
After Lot 1 was conveyed to several different owners, Hastie came to own it. After he purchased it, he installed a fence along its southern border. Appellees objected to the installation of the fence, claiming they possessed an easement to enter onto Lot 1 and that the fence obstructed their use of the easement.
Following a bench trial, the trial court concluded that because nearly every single deed included language indicating the lot was “subject to” a thirty foot road, including the 1968 Lot 1 Deed, that Lot 1 was burdened by an easement for the benefit of the other seven lots on Clark Lane. The lower court also concluded that the owners of Lots 4, 7, and 8 all had “dockage rights” and could dock their crafts on the north end of Clark Lane and travel through Lot 1 to reach their crafts. Hastie appealed.
On appeal, Hastie argues that the lower court' lacked competent substantial evidence to find the other Clark Lane residents have an easement to enter onto Lot 1.
Deeds are analyzed in the same manner as contracts. See Branscombe v. Jupiter Harbour, LLC, 76 So.3d 942, 947 (Fla. 4th DCA 2011). “There are no magical: words that one must divine in order to create an express easement. All that is necessary are words showing the intention of the parties to create an easement on a sufficiently identifiable estate.” Id. (quoting Am. Quick Sign, Inc. v. Reinhardt, 899 So.2d 461, 465 (Fla. 5th DCA 2005)). “[I]n reviewing the documents creating an easement, if the language is clear, concise, and unambiguous, we must give effect to the terms as stated without resort to other rules of construction to ascertain their meaning.” Am. Quick Sign, 899 So.2d at 465.
If a deed is “ambiguous” the court may consider extrinsic evidence to determine “the intent of the parties at the time the document establishing the easement was created.” Branscombe, 76 So.3d at 947 (quoting Am. Quick Sign, 899 So.2d at 465). “ ‘[E]vidence relating to the char *464 acter of the dominant and servient land, its use, and the situation of the parties to the easement, at- the time .the easement was created’ are thus properly considered, where there .is ambiguity.” Id. (quoting Corrigans v. Sebastian River Drainage Dist., 223 So.2d 57, 58 (Fla. 4th DCA 1969)).
We review whether a deed is ambiguous or unambiguous de novo. Am. Quick Sign, 899 So.2d at 467. If a deed is unambiguous, our review of the tria] court’s interpretation, of the deed is de novo. Branscombe, 76 So.3d at 946. If a deed is ambiguous, we review the trial court’s interpretation of the deed for competent substantial evidence. Id.
The words “subject to” in a deed or contract generally create an ambiguous deed or contract. Procacci v. Zacco, 324 So.2d 180, 182 (Fla. 4th DCA 1975); see also Robertia v. Pine Tree Water Control Dist., 516 So.2d 1012, 1013 (Fla. 4th DCA 1987); Orthopedic Specialists v. Allstate Ins. Co., 177 So.3d 19, 24-25 (Fla. 4th DCA 2015), rev. granted SC15-2298, 2016 WL 282060 (Fla. Jan. 20, 2016) (the court determining that the words “shall be subject to” in an insurance policy resulted in an ambiguity). The words “subject to” “are generally words of qualification, rather than of contract.” Robertia, 516 So.2d at 1013; see also Am. Quick Sign, 899 So.2d at 468 (concluding that “subject to” referred to a pre-existing easement and was not intended to create an entirely new easement). In some circumstances however, the “facts and circumstances” of a case may show the grant- or intended to use the words “subject to” to create an easement. See Procacci, 324 So.2d at 182; Behm v. Saeli, 560 So.2d 431, 432 (Fla. 5th DCA 1990) (finding the words “subject to” established an easement where the extrinsic evidence of intent showed the grantor intended to “create and reserve” an easement).
Because the deeds in this case contain the ambiguous “subject to” language, the deeds are ambiguous. See Procacci, 324 So.2d at 182. Thus, the trial court properly considered extrinsic evidence to ascertain the original grantor's intent.
The trial court was correct in looking at the circumstances surrounding the common grantor’s original conveyance of the lots on Clark Lane. The deeds in this case demonstrated that the common grantors intended that private road run up and down the east side of the lots on Clark Lane. The deed to Lot 2 says this explicitly by stating, “The grantee herein shall have the perpetual use of the private road adjoining said land on the East.”
The trial court correctly found that private road extended onto Lot 1. The deeds to Lots 3 through 8 all state they are “SUBJECT TO an easement for road purposes over the East 30.0 feet.” Although the 1968 Lot 1 Deed is slightly different and states the lot is “SUBJECT TO a Right of Way for ingress and- egress over the East 30 feet, measured at right angles, thereto,” the fact that the 1968 Lot 1 Deed contains -exactly the same dimensions as the other deeds indicates the common grantors intended for the road to extend onto Lot 1.
Furthermore, the evidence also supports the trial court’s conclusion that the common grantors intended to grant the residents on Clark Lane access to all of Clark Lane, including that part on Lot 1. None of the deeds expressly limits the grantee’s use of Clark Lane to only that part necessary for ingress and egress to one’s own property. Furthermore, the deed to Lot 1 also has language indicating it is “subject to” an easement. If the common grantors *465 had not intended to grant an easement to the other residents, there would have been no need to include this provision. Branscombe, 76 So.3d at 947 (“[A]n interpretation which gives a reasonable meaning to all provisions [of a contract] is preferred to one which leaves a part useless or inexplicable.”) (citation omitted).
We therefore conclude that the trial court correctly found the aforementioned circumstances evidences the common grantors’ intent to grant the residents' of Clark Lane an easement on Lot 1.
As for the “dockage rights,” the deeds to Lots 4, 7 and 8 state the grantees have the “right and privilege of free dock-age” on Lot 1. Hastie contends the common grantors had not intended to create an easement but had intended only to covenant that common grantors would not charge the grantees to dock their boats on Lot 1. However, the unambiguous terms of the deeds grant the “right and privilege” to dock a boat on Lot 1 without needing to compensate the owner of Lot 1. Thus, the lower court, once again, did not err in concluding appellees possessed an easement to dock their boats on Lot 1.
Hastie argues there is insufficient evidence of the common grantors’ intent because there is no evidence from the common grantors themselves or those who interacted with the common grantors directly. In the present case, we recognize there is little direct evidence of what the common grantors intended, but this comes as a result of the fact that it has been several decades since the Clark Lane lots were conveyed.
Nevertheless, as discussed above, the language in the deeds as well as the circumstances surrounding the original conveyances support the finding of the trial court. Although Hastie prefers alternative interpretations of the deeds and alternative inferences from this evidence, this court is concerned with “[l]egal sufficiency alone, as - opposed to evidentiary weight.” Tibbs v. State, 397 So.2d 1120, 1123 (Fla.1981). We therefore do “not retry a case or reweigh conflicting evidence submitted to a jury or other trier of fact.” Id. Instead, we draw “all reasonable inferences ... in favor of the verdict on appeal.” Id. After applying this standard; we find the lower court’s final judgment is supported by competent substantial evidence.
In summary, we affirm the lower court’s final judgment and its finding that the Clark Lane residents have an easement to enter onto Hastie’s property. ,

Affirmed.

CIKLIN, C.J., and FORST, J., concur.

. The five deeds all have minor variations though are substantively uniform.