BLACK, Judge,
concurring with opinion.
In my opinion, the majority makes findings of fact and reaches conclusions of law that exceed the scope of our review of a final summary judgment inappropriately granted. I would reverse and remand for further proceedings, concluding only that the intent of the parties was an issue of material fact in dispute which precluded summary judgment. See Fiore v. Hilliker, 170 So.3d 147, 151 (Fla. 2d DCA 2015) (reversing summary judgment where the intent of the parties was a disputed material fact which was to be considered by the trier of fact below); Hervey v. Alfonso, 650 So.2d 644, 646 (Fla. 2d DCA 1995) (“[A] motion for summary judgment is not a •substitute for a trial on the merits. Hence, a trial court is precluded from resolving disputed issues of fact when considering such a motion. Thus, when a defendant moves for summary judgment, neither the trial court nor this . court determines whether the plaintiff can prove the cause of action alleged. The function of the court is solely to determine whether the appropriate record presented in support of summary judgment conclusively shows that the plaintiff cannot prove the claim alleged as a matter of law.” (citation omitted)).
The trial court granted summary judgment in favor of the Laubhans but made no express findings of fact or conclusions of law. Upon' review of the hearing transcript and the arguments made, and in the absence of findings by the trial court, it appears that the only basis upon which the trial court could grant summary judgment in favor of the Laubhans was the determination that the deeds and Lease Agreement, the subjects of Mr. Harkless’s complaint, unambiguously did not reserve Mr. Harkless’s right to rent under the Lease—the argument raised by the Lau-bhans at the hearing. In opposition to the Laubhans’ motion and arguments, Mr. Harkless contended that the “subject to” language in the deeds rendered them ambiguous-and that in order to resolve that ambiguity, the trial court was required to *910 consider the language of the Harkless-Lolly contract and the intent of the parties—extrinsic evidence. .
■ “[A] trial- court may not weigh the evidence or judge the credibility of witnesses in arriving at summary judgment; instead, the moving party must conclusively show the absence of any genuine issues of material fact.” Plantation Key Office Park, LLLP v. Pass Intern., Inc., 110 So.3d 505, 508 (Fla. 4th DCA 2013) (citing Craven v. TRG-Boynton Beach, Ltd., 925 So.2d 476, 480-81 (Fla. 4th DCA 2006)). “A summary judgment motion will be- defeated if the evidence by affidavit or otherwise demonstrates the existence of a material factual issue.” Harvey Bldg., Inc, v. Haley, 175 So.2d 780, 782 (Fla. 1965).
■ Florida law holds that “[t]he words ‘subject to’ in a deed or contract generally create an ambiguous deed or contract.” Hastie v. Ekholm, 199 So.3d 461, 464 (Fla. 4th DCA 2016) (citing Procacci v. Zaceo, 324 So.2d 180, 182 (Fla. 4th DCA 1975)); see also Cook v. Tradewinds W. Condo., Inc., 636 So.2d 591, 592 (Fla. 3d DCA 1994). As applied in this case, if the trial court were inclined to accept the Lau-bhans’ argument that no material issues of fact were in dispute based on the- language of: the deed, Mr. Harkless sufficiently ■“demonstrate^] the existence of such an issue either by countervailing facts or justifiable inferences from the facts presented” through the deposition testimony and evidence on record. See Harvey Bldg., 175 So,2d at 783. As a result, summary judgment • was inappropriate. See Mac-Gray Servs,, Inc, v. Savannah Assocs. of Sarasota,. LLC, 915 So.2d 657, 659-60 (Fla. 2d DCA 2005) (“[W]hen -an- agreement contains a latent ambiguity ... the issue of the correct interpretation of the agreement is an issue of fact which precludes summary judgment.”, (quoting Griffin v. Fed, Deposit Ins. Corp., 532 So.2d 1358; 1360 (Fla. 2d DCA 1988)). .
Because on the record before us there is no way to conclusively determine on what basis the trial court granted, summary judgment, I would apply the general rule that where a contract or writing is ambiguous, “the parties’ intent becomes a question of fact for the fact-finder, precluding summary judgment,” rather than the exception that “a contract may be interpreted as a matter of law when the ambiguity can be resolved by undisputed parol evidence of the parties’ intent.” Life Care Ponte Vedra, Inc. v. H.K. Wu, 162 So.3d 188, 191-92 (Fla. 5th DCA 2015); see also Centennial Mortg., Inc. v. SG/SC, Ltd., 772 So.2d 564, 566 (Fla. 1st DCA 2000) (“Contract interpretation is for the court as a matter of law, rather than the trier of fact, only when the agreement is totally unambiguous, or when any ambiguity may be resolved by applying the rules of construction to situations in which the parol evidence of the parties’ intentions is undisputed or non-existent.” (quoting Land O’Sun Realty Ltd. v. REWJB Gas Inv., 685 So.2d 870, 872 n.3 (Fla. 3d DCA 1996), review dismissed sub nom. Lennar Fla. Partners, I v. REWJB Gas Inv., 710 So.2d 978 (Fla. 1998))).