DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**THE BOARD OF TRUSTEES OF THE INTERNAL IMPROVEMENT
TRUST FUND OF THE STATE OF FLORIDA**,
Appellant,

v.

**WATERFRONT ICW PROPERTIES, LLC**,
Appellee.

No. 4D19-3240

[January 20, 2021]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Donald W. Hafele, Judge; L.T. Case No. 50-2015-CA-013164-XXXX-MB.

Justin G. Wolfe, General Counsel, and Jeffrey Brown and Ronald W. Hoenstine, III, of the State of Florida Department of Environmental Protection, Tallahassee, for appellant.

Ricardo A. Reyes and Sacha A. Boegem of Tobin & Reyes, P.A., Boca Raton, for appellee.

FORST, J.

Appellant, The Board of Trustees of the Internal Improvement Trust Fund of the State of Florida, appeals the trial court's decision to quiet title of disputed property in favor of Waterfront ICW Properties, LLC ("Waterfront"), following a bench trial. We affirm on all issues raised by Appellant.

## Background

This case involves a dispute over the ownership of submerged lands under Spanish Creek—a waterway connected to the Lake Worth Lagoon. Both parties claimed ownership of the submerged lands ("the disputed property"), and the case proceeded to a four-day bench trial. The central issue at trial was whether, as of March 3, 1845 (the date on which Florida became a state), there existed "navigable" waters on the disputed property

such that any property under these waters would constitute sovereign lands of the State of Florida.

Both parties offered a variety of evidence seeking to establish the condition of the disputed property on March 3, 1845, including expert geological testimony, maps from the nineteenth and twentieth centuries, and testimony from several land surveyors.

Ultimately, at the conclusion of the trial, the trial court rejected Appellant's argument that the weight of the evidence proved the existence of a navigable waterway on the disputed property at the time of statehood. As a factual matter, the court determined that no water existed on the disputed property on March 3, 1845. Moreover, the trial court expressly found that:

> to the extent that water now crosses, or at any time subsequent to March 3, 1845 has crossed, the Disputed Property, such circumstance is the result of man-made changes, and not an indication of Spanish Creek in its natural state. The entirety of Spanish Creek located on the Disputed Property constitutes an artificially created, man-made waterway cut from the uplands.

Based on these findings, the trial court entered a judgment in favor of Waterfront, from which Appellant now appeals.

### Analysis and Conclusion

"In an appeal from a bench trial, 'the trial judge's findings of fact are clothed with a presumption of correctness on appeal, and these findings will not be disturbed unless the appellant can demonstrate that they are clearly erroneous.'" *Lougas v. Sophia Enters., Inc.*, 117 So. 3d 839, 841 (Fla. 4th DCA 2013) (quoting *Taylor v. Richards*, 971 So. 2d 127, 129 (Fla. 4th DCA 2007)). As such, an appellate court reviews the trial court's findings for competent substantial evidence. *See Miami-Dade Cnty. Expressway Auth. v. Elec. Transaction Consultants Corp.*, 300 So. 3d 291, 294 (Fla. 3d DCA 2020).

Appellant's arguments on appeal largely amount to disagreement with the conclusions drawn by the trial court after receiving and reviewing conflicting evidence. Appellant's expert testimony purporting to establish the conditions of Lake Worth and Spanish Creek in 1845 was contradicted by the maps admitted into evidence by Waterfront. While Appellant fairly notes that the trial court could have resolved the case in its favor, the fact

remains that the court elected to credit Waterfront's evidence over the evidence offered by Appellant.

When reviewing the factual determinations of the trial court, "this court is concerned with '[l]egal sufficiency alone, as opposed to evidentiary weight.' We therefore do 'not retry a case or reweigh conflicting evidence submitted to a jury or other trier of fact.' Instead, we draw 'all reasonable inferences . . . in favor of the verdict on appeal.'" *Hastie v. Ekholm*, 199 So. 3d 461, 465 (Fla. 4th DCA 2016) (internal citations omitted) (alterations in original) (quoting *Tibbs v. State*, 397 So. 2d 1120, 1123 (Fla. 1981)).

Reviewing the trial court's findings in this case, we conclude that the judgment is supported by competent substantial evidence. As such, this court will not retry the case on appeal nor reweigh the conflicting evidence presented at trial. Accordingly, we affirm the decision of the trial court.

*Affirmed.*

WARNER and CONNER, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**