# Third District Court of Appeal

## State of Florida

Opinion filed March 2, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-0672
Lower Tribunal No. 16-29297
_____

**Karine Shavarshyan**,
Appellant,

vs.

**Heavenly Spirits, Inc., et al.,**
Appellees.

An appeal from the Circuit Court for Miami-Dade County, Mark Blumstein, Judge.

Downs Law Group, P.A., and Jeremy D. Friedman, for appellant.

The Law Offices of Eddy O. Marban, and Edilberto O. Marban, for appellees Istvan Pencz and Eugeniu Popa.

Before SCALES, LINDSEY, and MILLER, JJ.

PER CURIAM.

In this appeal, appellant challenges a final judgment rendered in favor of appellees following a bench trial.[1]  Although appellant raises numerous contentions of error, resolution of most is controlled by the basic principle that "[i]n an appeal from a bench trial, 'the trial judge's findings of fact are clothed with a presumption of correctness on appeal, and these findings will not be disturbed unless the appellant can demonstrate that they are clearly erroneous.'" Lougas v. Sophia Enters., Inc., 117 So. 3d 839, 841 (Fla. 4th DCA 2013) (quoting Taylor v. Richards, 971 So. 2d 127, 129 (Fla. 4th DCA 2007)).  Here, the factual findings by the trial court are supported by competent, substantial evidence.  See Merrill Stevens Dry Dock Co. v. G & J Invs. Corp., 506 So. 2d 30, 32 (Fla. 3d DCA 1987) (quoting Duncanson v. Serv. First, Inc., 157 So. 2d 696, 699 (Fla. 3d DCA 1963)) ("We are duty bound not to disturb the findings of fact of a trial judge in a case heard without a jury where such findings are based upon conflicting competent evidence."). Declining to impute error in the remaining issues, including the mislabeling of the judgment, the denial of jury trial, and the order of the proceedings, and noting that a default against one defendant cannot serve as an admission of the allegations against a contesting co-defendant, we affirm in all respects. See Bank of N.Y. Mellon for Certificateholders of CWABS, Inc. v. Swain, 217

---

[1] Appellant also appeals the denial of her motion for new trial.

So. 3d 226, 227 (Fla. 5th DCA 2017) (quoting <u>Boyd v. Goff</u>, 828 So. 2d 468, 469 (Fla. 5th DCA 2002)) ("The focus is on 'what a court order does' and not 'how the order is labeled.'"); <u>381651 Alberta, Ltd. v. 279298 Alberta, Ltd.</u>, 675 So. 2d 1385, 1387 (Fla. 4th DCA 1996) (holding right to jury trial applies only to legal and not equitable relief sought under Florida's Uniform Fraudulent Transfer Act); <u>Dade County v. Lambert</u>, 334 So. 2d 844, 847 (Fla. 3d DCA 1976) (finding default of one defendant cannot operate as admission of allegations against contesting co-defendant).

Affirmed.